*A. C. Wheeler, C. N. Davie,* for plaintiff in error.

*W. M. Johnson,* contra.

---

6429.   PERKINS *v.* EMPIRE LIFE-INSURANCE COMPANY.

RUSSELL, C. J.   The suit was upon a policy of insurance containing a clause, known as an "automatically non-forfeitable" clause, as follows: "If any premium hereon shall not be paid when due, the company shall first apply any withdrawal surplus to pay the same, and the remainder of the premiums due, if any, shall be charged against this policy as a loan, if the respective loan value specified herein be sufficient to cover such advance, in addition to any existing liens and accrued interest, provided, that if the credits be not sufficient to cover the entire premium then due, the company shall apply the same, if sufficient to pay the premium for a shorter period, but not less than a full quarterly premium.   At any time while this policy is thus sustained in force, the payment of premiums may be resumed without medical examination, and the accumulated premiums may be paid or allowed to stand as a lien against the policy.   No grace will be allowed under this provision."   The premiums were fully paid for three years (from February 12, 1909, to February 12, 1912), and on August 5, 1913, the insured died without having paid further premiums.   The annual premium was $346.05.   The policy at the expiration of the second year had a loan value of $420, and, if the premium due February 12, 1912, had been paid, would have had a loan value of $590.   *Held:*   Upon the failure of the insured to pay the premiums due February 12, 1912, under the "automatically non-forfeitable clause" above quoted, the loan value of $420 became immediately available, and it was the duty of the company to charge against the policy, as a loan, the amount due for that premium, and thus to retain the policy of·full force, and the policy was thus automatically extended for an additional two years

and eight months without further payment, in accord with the "table of cash loans and guaranteed surrender value," contained therein; and the failure of the insured to pay a note given for the payment of the premium due February 12, 1912, did not operate to void the policy or to lessen the duty of the company, on failure to pay the note, to apply such loan value to the payment of premiums as they became due, until expended in accordance with the "automatically non-forfeitable clause" of the policy. The stipulation in the policy that "if any premium is not paid on or before the day it is due, or if any note or other obligation that may be accepted by the company for the whole or any part of the first or any subsequent premium or any other payment under the policy be dishonored or not paid on or before the day when due, the policy shall, without any affirmative act on the part of the company or any of its officers of agents, be null and void except as herein provided," does not apply when there is a loan value attached to the policy, sufficient to pay the premiums due. Policies of insurance will be liberally construed in favor of the object to be accomplished, and the conditions and provisions of every contract of insurance will be construed against the insurer who prepares and proposes the contract (*Arnold* v. *Empire Life Ins. Co.*, 3 *Ga. App.* 695, 60 S. E. 470), and the entire context of the non-forfeitable clause above set out, when construed in connection with the terms of the policy as a whole, indicates an intention to carry the policy automatically, by the consumption of the loan value, as fully and completely as though the insured had paid the premiums with money secured from any other source. It was therefore error to strike the plaintiff's petition, on demurrer.

2. It was not error to strike such parts of the plaintiff's petition as sought to set up fraud on the part of the defendant in preventing payment of a note alleged to have been given by the insured, in order to void the policy, nor to disallow the proposed amendment to the petition.

*Judgment reversed.*

DECIDED FEBRUARY 18, 1916.

Action on insurance policy; from city court of Savannah—Judge Davis Freeman. February 25, 1915.

*Gignilliat & Heidt, Osborne & Lawrence,* for plaintiff.

*Anderson, Cann & Cann,* for defendant.