## COLUMBIA CASUALTY CO. *v.* ROGERS CO.

PER CURIAM. L. W. Rogers Company brought suit against the Columbia Casualty Company, and alleged in substance as follows: The defendant was indebted to the plaintiff in the sum of $3,528.81, by reason of the fact that the defendant issued to the petitioner a policy of insurance known as "mercantile safe policy," and collected the premium thereon. The policy covered the contents of an iron safe, and petitioner had suf-

fered a loss by burglary from the safe of $7,000. Petitioner was conducting the kind and character of business and the safe was of the character described in the policy. During the period covered by the policy the warehouse of petitioner was burglarized; "the combination of the safe on the outer door was worked, the inner door had two holes drilled through it, the holes weakened the fastening of the lock and it was pushed loose and thus enabled the robber to enter the inner door; there was visible evidence of said burglary, consisting of holes drilled through the inner door of the safe; furthermore the locks were broken and pushed outward, hanging on the inner door; these physical evidences of burglary were apparent on the morning following the burglary, and showed violent and burglarious entry into the safe." The money was stolen from a receptacle inside the inner door. The petition further alleged notice to the defendant, together with proof of loss as required under the policy, also that the defendant failed to pay the amount of the loss, and that more than sixty days had elapsed since demand had been made therefor; and plaintiff claimed in addition 25 per cent. on the liability of the company for said loss, claiming that the defendant had acted in bad faith and was also liable to the plaintiff for attorney's fees in a named amount. The prayers were for a judgment for the amount sued for, and for process. The defendant filed a general demurrer, which was overruled, and the defendant excepted. On writ of error to the Court of Appeals the judgment of the trial court was affirmed, and the case is in this court on writ of certiorari to the Court of Appeals. The defendant bases its contention of non-liability on a clause under the head of "Special Agreements" contained in the policy, as follows: "The company shall not be liable for loss of or damage to money, . . unless . . entry into such safe or vault has been effected by the use of tools, explosives, electricity, or chemicals directly upon the exterior thereof." After careful consideration of the allegations of the petition, this court is of the opinion that the Court of Appeals did not err in affirming the judgment of the trial court overruling the demurrer to the petition.

*Judgment affirmed.* *All the Justices concur, except Atkinson and Gilbert, JJ., dissenting.*

No. 3532.　JANUARY 15, 1924.

Certiorari; from Court of Appeals. 29 *Ga. App.* 248.

*Westmoreland & Smith,* for plaintiff in error.

*Mayson & Johnson,* contra.

RUSSELL, C. J., concurring. At first glance a statement in a policy of insurance against loss from burglary, that the company would not be liable in case of loss unless there were visible marks on the exterior of the safe, would seem to preclude a recovery upon such policy where there were no visible marks of violence or of forcible entry on the outside of the receptacle in which the money lost by a burglary was contained. However, there is no principle of law better settled than that "policies of insurance will be lib-

erally construed in favor of the object to be accomplished, and the conditions and provisions of every contract of insurance will be construed against the insurer who prepares and proposes the contract. . . ." If such conditions, "when construed in connection with the terms of the policy as a whole," will effect the result intended to be reached by the payment of the premium which has been paid, or if a stipulation is subject to two constructions, the construction of the contract most favorable to the insured will prevail. *Perkins* v. *Empire Life Insurance Co.,* 17 *Ga. App.* 658 (87 S. E. 1094) ; *Arnold* v. *Empire Life Insurance Co.,* 3 *Ga. App.* 695 (60 S. E. 470) ; *Massachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256 (30 S. E. 918, 42 L. R. A. 261). As remarked by Mr. Justice Harlan in Thompson *v.* Phenix Insurance Co., 136 U. S. 287, 297 (10 Sup. Ct. 1019, 34 L. ed. 408), "If a policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured. This rule, recognized in all the authorities, is a just one, because those instruments are drawn by the company. National Bank *v.* Insurance Co., 95 U. S. 673, 678." As appears from the record, the defendant in the lower court contests and denies its liability under the eighth "special agreement," that "the company shall not be liable for loss of . . money, . . unless entry into such safe or vault has been effected by the use of tools, explosives, electricity, or chemicals directly upon the exterior thereof." The words "fireproof safe or vault," twice used in this provision, clearly require interpretation. It is not clear whether the words "safe or vault" refer to one receptacle which may be both a safe and a vault or to a safe included within a vault or a vault included within a safe. But under the rule above stated, the meaning of this clause must be ascertained by construing it with other provisions of the contract of insurance; and yet in the first statement in the contract of insurance the company "agrees to indemnify the assured for all loss of money, . . occasioned by the felonious abstraction of the same from within the safe or safes described in the schedule, . . after entry into such safe or safes has been effected by force and violence by the use of tools, explosives, electricity, or chemicals directly thereupon, of which force and violence there shall be visible marks." What is a safe ? It must be said to be the actual receptacle in which valuables

are placed to complete their safety. The petition alleges that there were two doors to the safe; an outer door one fourth of an inch thick, which was worked by a combination, and an inner door of steel, three sixteenths of an inch in thickness. No money was intended to be stored nor could it be stored between these two doors; and therefore there was no entry to the safe until both doors were opened or destroyed. There were visible marks upon the inner door; and therefore the question is whether the middle door, regardless of the presence of another door, was not in fact exterior to the real safe which itself contained a chest which in turn held the money which was lost. Everything not within a safe is exterior to it, and marks upon either the outer or inner door were clearly intended, because proviso number 8, which requires that the visible marks shall be upon the exterior, does not accord with the first assumption of liability which we have quoted. All that is said in the agreement of the company is that there shall be visible marks, and there is no provision whatever as to where they shall be located. It is for the court to say which of these conflicting provisions shall prevail; and under the rule by which doubts must be resolved in favor of the insured who has been induced to pay for protection and not for pretense, the trial court was right in overruling the general demurrer, and the Court of Appeals correctly affirmed that judgment.

ATKINSON and GILBERT, JJ., dissenting. There is no ambiguity apparent in the language of the policy quoted above, under the heading "Special Agreements." This clause excludes a recovery under the policy where the entry into the safe has been effected otherwise than by the use of tools, explosives, electricity, or chemicals *directly upon the exterior thereof*. The allegation in the plaintiff's petition is that the combination of the safe on the "outer door was worked, and that the inner door had two holes drilled through it, . . and thus enabled the robber to enter the inner door." The allegations plainly and unambiguously seek a recovery where the entry through the exterior of the safe was not made by the use of tools, explosives, electricity, etc., upon the exterior, as required in the policy. The petition failed to set out a cause of action. Compare Brill *v.* Metropolitan Surety Co., 113 N. Y. Supp. 476; Blank *v.* National Surety Co., 181 Iowa, 648 (165 N. W. 46, L. R. A. 1918B, 562). See 80 Law Times Reports (Eng-

11

lish), 248. Therefore it was error to overrule the general demurrer. For a case taking the contrary view see Fidelity &c. Co. v. Sanders, 32 Ind. App. 448 (70 N. E. 167).