15399.  EISENBERG *et al.* v. HEBRAH GEMILUTH HESED
SOCIETY.

Where a policy of insurance is capable of being construed in two ways,
the construction which is most favorable to the insured will be adopted.

There being an apparent conflict in the by-laws of the defendant benefit
society as to when a member is "in good standing," the construction
most favorable to the member will be adopted in determining as to the
liability of the society for a death benefit; and under that construction
and the uncontradicted evidence the deceased member in this case was
"in good standing" at the time of his death.

DECIDED JANUARY 14, 1925.

Complaint; from Chatham superior court—Judge Meldrim.
February 5, 1924.

Application for certiorari was denied by the Supreme Court.

*David S. Atkinson,* for plaintiffs.

*Meyer L. Cherkas, Aaron Kravitch,* for defendant.

BROYLES, C. J. It is well settled that if a policy of insurance
is capable of being construed in two ways, that interpretation must
be placed upon it which is most favorable to the insured. *Mas-
sachusetts Benefit Life Association* v. *Robinson,* 104 *Ga.* 256 (2)
(30 S. E. 198, 42 L. R. A. 261). In the instant case the constitu-
tion and by-laws of the defendant society constitute the policy of
insurance. Section 5 of article XIII provides, that "The death

benefit of a deceased member, when *in good standing, as hereinafter specified,* and if not disqualified by article XII, section 2, or otherwise, shall be two hundred ($200) dollars. . . The words 'in good standing,' as hereinbefore or hereinafter used, *shall be held to mean only those members who shall have paid all current dues . . due or payable to the society at the time of his death.*" (Italics ours.) (Article XII, section 2, refers to the payment of "weekly benefits" only, and is immaterial in this case.) Sections 1 and 2 of article XV are as follows: "Sec. 1. Any member of this society who owes $2.00 or over shall be in arrears and so remain until same is paid, and as long as a member is in arrears . . he is not entitled to any sick, mourning, death benefits, or funeral expenses. Sec. 2. When a member becomes in arrears he must pay all dues and fines in full, and he does not become in good standing until fifteen days after his payment is read by the financial secretary at a regular meeting of the society."

There being an apparent conflict between the provisions of the two articles quoted, as to when a member is "in good standing," the construction most favorable to the insured must be adopted. While the undisputed evidence showed that the deceased member was in arrears as to his current dues to the amount of $2, shortly before his death, and that he died before his payment was read by the financial secretary at a regular meeting of the society, it is also undisputed, in the *pleadings* and the *evidence,* that at the time of his death he had paid all the dues owing by him to the society. It follows that he was "in good standing" when he died, and that he was entitled to the death benefit, and that a verdict for the plaintiff was demanded. Under this ruling it is not necessary to pass upon the alleged errors in the charge of the court. The overruling of the motion for a new trial was error.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., dissents.*

BLOODWORTH, J., dissenting. Necessarily I must agree with the headnote in this case, for the principle therein announced is well settled. However, there is another rule of law just as well settled, and that is that "the contract as contained in the policy must be construed as a whole, so that, if possible, each stipulation shall be made consistent with the others, and the whole allowed to stand." Construing together and as a whole the constitution and by-laws of the Hebrah Gemiluth Hesed Society, the writer thinks

that the two stipulations quoted in the majority opinion, and which are held in that opinion to be "in apparent conflict," are consistent with each other, and the contract should be allowed to stand. Under all the facts and circumstances of the case the writer thinks the judgment should be affirmed.