## GOLDMAN *v.* ÆTNA INSURANCE COMPANY.

A fire-insurance policy on a stock of goods contained a clause which provided that the policy should be void unless the insured "will take a complete itemized inventory of stock on hand at least once in each calendar year; and unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within 30 days of issuance of this policy." *Held*, that an inventory made by the insured within the time limited in the contract, which states in separate items the quantities of various kinds and assortments of goods and the prices thereof and the amounts which such prices aggregate, is a sufficient compliance with the contract requiring an inventory, to prevent forfeiture of the insurance, without stating expressly that the separate items of goods were of a specified "actual value" at the time the inventory was taken.

No. 4954.   JUNE 18, 1926.

Certiorari; from Court of Appeals. 33 *Ga. App.* 715.

In a suit based on a loss under a fire-insurance policy the plaintiff recovered a verdict. The defendant's motion for a new trial being overruled, the case was carried to the Court of Appeals. The judgment of the trial court was reversed, and the plaintiff brought the case to the Supreme Court by certiorari. There are several assignments of error upon the following ruling of the Court of Appeals: "One stipulation in the 'iron-safe clause' of a policy of fire insurance is that the assured 'will take a complete itemized inventory of stock on hand at least once in each calendar year; and unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within 30 days of issuance of this policy, or this policy shall be null and void from such date.' A so-called 'inventory,' showing the original purchase price of goods, but not showing their value at the time of the making of the inventory, is not an 'inventory' within the meaning of the above-quoted stipulation. 'An inventory,' under that stipulation, means an itemized list of every article in the stock of goods at the time of making the inventory, and the setting down of the *actual value* of each article *at that time.* And the failure of the assured to make such an inventory will prevent a recovery on the policy. *Southern Fire Insurance Co.* v. *Knight,* 111 *Ga.* 622, 631."

*L. D. McGregor,* for plaintiff.

*Smith, Hammond & Smith* and *M. L. Felts,* for defendant.

ATKINSON, J. The paper which was held to be insufficient by

the Court of Appeals purported to be an inventory of the stock of goods covered by the insurance policy. In different items it stated the quantities of various kinds and assortments of goods and the prices thereof and the amounts which such prices aggregated, but did not expressly state that the goods were of a stated "actual value" "at that time" (the time when the inventory was made). The question is as to the sufficiency of the inventory to comply with the terms of the policy. The clause of the policy in question is a part of what is commonly called the "iron-safe clause." In *Scottish Union &c. Insurance Co.* v. *Stubbs,* 98 *Ga.* 754, 761 (27 S. E. 180), involving duty under the "iron-safe clause" to keep books, etc., it was said by Simmons, C. J.: "This clause constitutes a promissory warranty. It binds the assured to do certain things for the protection of the insurer, and is important as providing a check against fraud on the part of the assured, and a mode by which the insurer may ascertain for itself the extent of the loss." It is proper to bear in mind the character and object of the clause involved in this case in determining its true meaning and effect. It is declared in the Civil Code (1910), § 4268 (4), that "If the construction is doubtful, that which goes most strongly against the party executing the instrument, or undertaking the obligation, is generally to be preferred." In *Northwestern Mutual Life Insurance Co.* v. *Ross,* 63 *Ga.* 199, it was held that an ambiguous contract of insurance should be "construed most strongly against the insurer." In *Clay* v. *Phœnix Insurance Co.,* 97 *Ga.* 44 (25 S. E. 417), it was held that "Stipulations and conditions in policies of insurance, like those in all other contracts, are to have a reasonable intendment, and are to be so construed, if possible, as to avoid forfeitures and to advance the beneficial purposes intended to be accomplished." In *Ætna Insurance Co.* v. *Johnson,* 127 *Ga.* 491, 493 (56 S. E. 643, 9 L. R. A. (N. S.) 667, 9 Ann. Cas. 461), it was said by Lumpkin, J.: "Without entering into an extended discussion of the subject of warranties, it may be said that the current of authority as to what is known as the 'iron-safe clause' is to the effect that it must be complied with, but that a reasonable, rather than a narrow and close construction will be given to such clause to prevent a forfeiture of the policy." See also 32 C. J. 1296, § 527. The clause involved in this case requires but does

not define an "inventory." It does not state that the inventory provided for shall contain the words "actual value" in lieu of the word "price." Either of the words would denote the character or quality of the things listed, and consequently would aid the insurer in determining the amount of a loss. "Actual value" is purely a matter of opinion. A statement of "actual value" might be entirely arbitrary,. or more or less extravagant. A statement as to "actual value" is therefore of less importance than a statement of the fact of the cost price, as aid in determining the amount of a loss. If a failure to state the actual value of the goods would void the policy, the policy would not afford insurance, for there would be no certainty that subsequent opinions of others as to actual value would conform to the opinion which the insured might have entertained and expressed while stating the value of the goods in the inventory. In these circumstances there is no reason for holding that an inventory (as that term is used in this case) that states the cost price of the things, and is otherwise sufficient, will not comply substantially with the contract as to furnishing an inventory. It would be going too far to hold that the insurance would be void unless the inventory expressly stated additionally the actual values of the goods at the time of the inventory. Such a construction of the clause would require a forfeiture and be contrary to the principles hereinbefore stated. The decision in *Southern Fire Insurance Co.* v. *Knight*, 111 *Ga.* 622 (36 S. E. 821, 52 L. R. A. 70, 78 Am. St. R. 216), is not authority for a contrary ruling. The actual ruling in that case was: "An invoice of goods purchased is not an inventory of stock to be produced under the 'iron-safe clause' of a fire policy." The case was entirely different from the case now under consideration, and the ruling should not be extended beyond its facts. The rule applied in that case has been held, in other jurisdictions, to be subject to qualification. See 3 Joyce on Insurance (2d ed.), 3482, § 2063 (n), and cases cited in note 1.

*Judgment reversed. All the Justices concur, except*

GILBERT, J., dissenting. A clause of the character designated in the policy of insurance as the "iron-safe clause" has been held by this court to be valid, and to constitute a warranty and not a mere representation. "This clause constitutes a promissory warranty. It binds the assured to do a certain thing for the protection of the

insurer, and is important as providing a check against fraud on the part of the assured, and a mode by which the insurer may ascertain for itself the extent of the loss; and the compliance of the assured with this part of the contract is a condition upon which, by the express terms of the contract, the validity of the policy is made to depend." *Scottish Union &c. Co.* v. *Stubbs,* 98 *Ga.* 754, 761 (supra). In *Southern Fire Insurance Co.* v. *Knight,* 111 *Ga.* 622 (supra), the above-cited case was approved, and it was further held: "An invoice of goods purchased is not an inventory of stock to be produced under the 'iron-safe clause' of a fire policy." In both these cases all the Justices concurred. In the latter case, Mr. Justice Little dissented on another question, but not on the question herein involved. These cases, in my opinion, control the question, and I am unable to distinguish the *Knight* case from this case or to escape the force and effect of the principle there established. I am therefore compelled to dissent from the judgment of reversal. I concur in much that is said in the opinion as to the duty of the court in the construction of doubtful contracts.