### 16191.   Ætna Insurance Company *v.* Goldman.

Broyles, C. J.   1. "A fire-insurance policy on a stock of goods contained a clause which provided that the policy should be void unless the insured 'will take a complete itemized inventory of stock on hand at least once in each calendar year; and unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within 30 days of issuance of this policy.' *Held*, that an inventory made by the insured within the time limited in the contract, which states in separate items the quantities of various kinds and assortments of goods and the prices thereof and the amounts which such prices aggregate, is a sufficient compliance with the contract requiring an inventory, to prevent forfeiture of the insurance, without stating expressly that the separate items of goods were of a specified 'actual value' at the time the inventory was taken." *Goldman* v. *Ætna Insurance Co.*, 162 *Ga.*       (133 S. E. 741).

2. "It is a sufficient compliance with the usual 'iron-safe clause' of a fire policy, in respect to the keeping of books, if from the books kept by the insured, with the assistance of those who understand the system on which they were kept, the amount of purchases and the amount of sales can be ascertained, and cash transactions distinguished from those on credit." *Ætna Insurance Co.* v. *Lipsitz*, 130 *Ga.* 170 (2) (60 S. E. 531, 14 Ann. Cas. 1070).

3. Under the above-stated rulings and the facts of the instant case, there was a sufficient compliance by the assured with the provisions of the "iron-safe clause" of the fire-insurance policy.

4. The other questions of fact (the evidence being conflicting) were settled by the verdict of the jury. The verdict was authorized by the evidence, and none of the grounds of the amendment to the motion for a new trial show cause for a reversal of the judgment below. The former judgment of this court reversing the judgment of the trial court (33 *Ga. App.* 715, 128 S. E. 13) having been reversed by the Supreme Court, that judgment is hereby ordered vacated, and the judgment of the trial court is          *Affirmed. Luke and Bloodworth, JJ., concur.*

Decided July 14, 1926.

Complaint on fire policy; from Warren superior court—Judge Shurley.   December 8, 1924.

Application for certiorari was made to the Supreme Court.

*Smith, Hammond & Smith, J. M. B. Bloodworth, M. L. Felts,* for plaintiff in error.   *L. D. McGregor,* contra.

Appeal and Error, 4 C. J. p. 858, n. 3; p. 1248, n. 48 New.
Fire Insurance, 26 C. J. p. 252, n. 88; p. 254, n. 16, 17.