23181. NIAGARA FIRE INSURANCE COMPANY OF NEW YORK *v.* JAMES.

DECIDED JANUARY 22, 1934.

*Spalding, MacDougald & Sibley, Estes Doremus, Wilson, Bennett & Pedrick,* for plaintiff in error.

*Parks, Garrett & McDonald,* contra.

STEPHENS, J. Joseph H. James, the insured under a policy of fire insurance upon his dwelling house which was encumbered with a deed to secure debt containing a power of sale upon default in payment, brought suit against the Niagara Fire Insurance Company, the insurer, to recover for the loss of his dwelling by fire, in an amount alleged as representing the plaintiff's loss, within the face value of the policy less the amount due and payable to the grantee in the security deed. The defendant denied liability solely upon the ground that at the time of the loss of the plaintiff's dwelling by fire the grantee in the security deed had, pursuant to the power of sale therein, proceeded to advertise the property for sale to satisfy the past-due indebtedness for which the deed had been executed, and that therefore the policy was void and of no effect, by reason of the following provisions therein: "This entire

policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void . . if, with the knowledge of the insured, foreclosure proceedings be commenced or notice given of sale of any property covered by this policy by virtue of any mortgage or trust. deed." The defendant admitted that, but for the invalidity of the policy upon this ground, it was indebted to the plaintiff in the amount sued for.

From uncontradicted evidence it appeared that the facts alleged by the defendant were true, and that the property had been advertised for the third time under the power of sale, which provided for an advertisement four times, and that the plaintiff had no actual knowledge of these advertisements until after the house had burned. It does not appear that there had been any foreclosure proceeding other than the advertisement under the power of sale. The trial judge directed a verdict for the plaintiff in the amount sued for. The defendant's motion for a new trial, upon the general grounds and the special ground that the court erred in directing a verdict for the plaintiff, was overruled, and to this judgment the defendant excepted.

The sole question for determination is whether, under a proper construction of the above-quoted provision of the policy, an advertisement of the property made under the power of sale in the security deed, in the absence of actual knowledge thereof by the insured, voids the policy. It is insisted by the defendant that under this provision of the policy the policy is voided by "notice" only of the sale of the property pursuant to the power of sale, and that the publication of the advertisement itself, without any actual knowledge thereof by the insured, was "notice given" of the sale of the property. The defendant seems to be sustained in this by the Court of Appeals of Maryland, in Merchants Insurance Co. v. Brown, 77 Md. 79 (25 Atl. 992), wherein the court, in construing this identical language of a policy, held that "the proceedings for sale under the power contained in a mortgage of the property showed such a notice of sale . .. as was meant by this clause of forfeiture." Other cases relied upon by the defendant are clearly distinguishable.

While the language of the provision of the policy referred to may be susceptible to the construction contended for by the defendant, it is at least equally susceptible to the construction that it provides

that, before the policy becomes avoided by any proceedings under the power of sale, the insured must have "knowledge," which is actual knowledge, of the "notice given" of the sale, the notice of which is the advertisement of the property for sale as provided under the power of sale. A provision of a policy which is susceptible to two constructions must be given the construction most favorable to the insured. By an application of this rule of construction to this provision of the policy, the insured must have actual knowledge of the "notice given" of the sale, before the policy becomes void. This is the construction given to this identical language of the policy by the Supreme Court of Iowa, in Funk v. Anchor Fire Insurance Co., 171 Iowa, 331. The court there said: "It will be noted that the provision of the policy relied upon is that it shall be void in the event that foreclosure proceedings are commenced, or notice of sale given, with the knowledge of the injured." To the same effect is Brown v. Connecticut Fire Insurance Co., 197 Mo. App. 317 (195 S. W. 62). See 4 Joyce on Insurance (2d ed.), § 2270(a); Cooley's Briefs on Insurance (2d ed.), pp. 2712, 2713.

The latter construction of this provision in the policy is the correct one to be placed upon it. Since it appears conclusively that the plaintiff had no actual knowledge of the notice given by advertisement of the sale of the property under the power of sale, the policy was not voided under the provision of the policy relied upon by the defendant. The evidence otherwise demanded the verdict directed, and the court did not err in overruling the defendant's motion for a new trial.

Whether the notice of sale consists in only one publication of the advertisement of the sale of the property, or consists in the four publications provided for in the security deed, it is not necessary to here decide.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*