23399. ÆTNA LIFE INSURANCE CO. *v.* PADGETT.

DECIDED SEPTEMBER 27, 1934.

*Bryan, Middlebrooks & Carter, Beck, Goodrich & Beck,* for plaintiff in error.

*Chester A. Byars,* contra.

MACINTYRE, J. Mrs. Zonie Padgett, as next friend of Pauline Padgett, brought suit against the Ætna Life Insurance Company to recover $1000 as principal by reason of a certificate issued to her under a group policy issued by the defendant to her employer. By agreement the case was tried before the judge, without a jury, upon an agreed statement of facts. The judge rendered judgment against the insurance company and the case was brought to this court on exceptions thereto.

It appears that on May 11, 1931, the defendant company issued to the Georgia Kincaid Mills a group policy of insurance, upon the lives of certain employees of said mills, which contained permanent total-disability benefits; that Pauline Padgett became an employee in said mill on April 7, 1931, and a certificate was issued to her, under the group policy, on July 7, 1931, three months after the commencement of her employment; that on November 6, 1931, she became totally disabled and was forced to quit work on that date; that no premiums were paid on her insurance after that date, and the insurance on her life was canceled as of December 10, 1931; that on December 7, 1931, she filed claim for disability benefits, and thereafter proof of the same, and that the company denied all liability thereunder.

The determination of whether the insured should be allowed to recover disability benefits under the certificate issued to her under the group policy depends upon the construction of the provisions contained in the policy and certificate, taken together. *Carruth* v. *Ætna Life Insurance Co.,* 157 *Ga.* 608 (122 S. E. 226); *Metropolitan Life Ins. Co.* v. *Harrod,* 46 *Ga. App.* 127 (166 S. E. 870). In the construction of insurance contracts, as well as all other contracts, we are to be guided by certain, well-settled rules. Among

these is that "policies of insurance will be liberally construed in favor of the object to be accomplished, and provisions therein will be strictly construed against the insurer." *New York Life Ins. Co.* v. *Thompson,* 45 *Ga. App.* 638 (165 S. E. 847) ; *Johnson* v. *Mutual Life Ins. Co.,* 154 *Ga.* 653 (115 S. E. 14) ; *Arnold* v. *Empire Mutual Annuity & Life Ins. Co.,* 3 *Ga. App.* 685 (60 S. E. 470). The meaning of this rule has been stated in various ways, thus: "If a policy or contract of insurance is fairly susceptible of more than one construction, the interpretation most favorable to the insured will be given effect" (*Mandeville Mills* v. *Milam,* 39 *Ga. App.* 768, 148 S. E. 418; *Bankers Health and Life Ins. Co.* v. *Knott,* 41 *Ga. App.* 639, 154 S. E. 194; *Life Ins. Co. of Va.* v. *Williams,* 48 *Ga. App.* 10, 172 S. E. 101; *Niagara Fire Ins. Co. of N. Y.* v. *James,* 48 *Ga. App.* 276, 172 S. E. 725; *Mass. Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256, 30 S. E. 918, 42 L. R. A. 261; *Kesler* v. *Commercial Casualty Ins. Co.,* 39 *Ga. App.* 197, 146 S. E. 506; *Johnson* v. *Mut. Life Ins. Co.,* 154 *Ga.* 653, 115 S. E. 14; *Warwick* v. *Knights of Damon,* 107 *Ga.* 115, 120, 32 S. E. 951; *Insurance Co. of North America* v. *Samuels,* 31 *Ga. App.* 258, 120 S. E. 444; *Columbia Casualty Co.* v. *Rogers,* 157 *Ga.* 158, 121 S. E. 224; *Penn Mut. Life Ins. Co.* v. *Milton,* 160 *Ga.* 168, 127 S. E. 140, 40 A. L. R. 1382; *Eisenberg* v. *Hebrah Gemiluth Hesed Soc.,* 33 *Ga. App.* 350, 126 S. E. 265; *Macon County Asso.* v. *Slappey,* 35 *Ga. App.* 737, 134 S. E. 834; *Ætna Ins. Co.* v. *Johnson,* 127 *Ga.* 491, 56 S. E. 643, 9 L. R. A. (N. S.) 667, 9 Ann. Cas. 461; *New Jersey Ins. Co.* v. *Rowell,* 157 *Ga.* 360, 121 S. E. 414; *Ætna Life Ins. Co.* v. *Palmer,* 159 *Ga.* 371, 125 S. E. 829; *State Mut. Life Ins. Co.* v. *Forrest,* 19 *Ga. App.* 296, 91 S. E. 428; *Winder Nat. Bk.* v. *Ætna Life Ins. Co.,* 36 *Ga. App.* 703, 137 S. E. 848; *Mutual Life Ins. Co.* v. *Durden,* 9 *Ga. App.* 797, 72 S. E. 295) ; and, "of two inconsistent clauses appearing in the body of an insurance policy, the one more favorable to the insured will be adopted." *Hodges* v. *Planters & Peoples Mut. Fire Asso. of Ga.,* 37 *Ga. App.* 203 (139 S. E. 362); *Hall* v. *Royal Fraternal Union,* 130 *Ga.* 820 (61 S. E. 977); *Perkins* v. *Empire Life Ins. Co.,* 17 *Ga. App.* 658 (87 S. E. 1094). If words or provisions of ambiguous meaning are employed in a contract of insurance, it is only fair and in accordance with law that the doubt should be resolved against the insurer, who is the author of the

instrument, and in the preparation of which the insured has no voice. *Life Ins. Co. of Va.* v. *Williams,* supra; *Moorefield* v. *Fidelity Mut. Life Ins. Co.,* 135 *Ga.* 186 (69 S. E. 119) ; *Buick Motor Co.* v. *Thompson,* 138 *Ga.* 282 (75 S. E. 354) ; *Continental Life Ins. Co.* v. *Wells,* 38 *Ga. App.* 99 (142 S. E. 900) ; *Yancey* v. *Ætna Life Ins. Co.,* 108 *Ga.* 349 (33 S. E. 979) ; *Goldman* v. *Ætna Ins. Co.,* 162 *Ga.* 313 (133 S. E. 741). However, these rules, though not in conflict with *Liverpool &c. Ins. Co.* v. *Ga. Auto & Supply Co.,* 29 *Ga. App.* 334 (115 S. E. 138), are subordinate to the cardinal rule, prevailing in the construction of all contracts, that the intention of the parties should be ascertained and should prevail. "The contract of insurance should be construed so as to carry out the true intention of the parties." Civil Code, § 2475. "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." § 4266. As was said by Bell, J.: "The cardinal rule of construction, to which all others are subordinate, is to ascertain the intention of the parties, and in order to do this the language of the agreement should be considered in the light of the attendant and surrounding circumstances. The court should place itself as nearly as possible in the situation of the parties, in seeking the true meaning and correct application of the language of the contract. Civil Code (1910), §§ 4266, 4268 (1) ; *Bridges* v. *Home Guano Co.,* 33 *Ga. App.* 305 (125 S. E. 872) ; 13 C. J. 543." *Mandeville Mills* v. *Milam,* supra. See also, in this connection, *Northwestern Mut. Life Ins. Co.* v. *Dean,* 43 *Ga. App.* 67 (157 S. E. 878) ; *Shorter* v. *Methvin,* 52 *Ga.* 225. It is well to keep in mind, however, that insurance is purely a matter of contract (*North British & Mercantile Ins. Co.* v. *Tye,* 1 *Ga. App.* 380, 58 S. E. 110) ; "there is no greater sanctity and no more mystery about a contract of insurance than any other." *Clay* v. *Phœnix Ins. Co.,* 97 *Ga.* 44 (25 S. E. 417). Courts are not called upon, because of the rule that contracts of insurance are to be strictly construed against the insured, and because the contract itself is one of insurance, to call forth doubt, through construction of plain and unambiguous provisions of such a contract. They should not make hypercritical construction of such contracts. "The language of the contract should be con-

strued in its entirety, and should receive a reasonable construction, and not be extended beyond what is fairly within its terms. Where the language is unambiguous, and but one reasonable construction of the contract is possible, the court must expound it as made." *New York Life Ins. Co.* v. *Thompson,* supra, and citations. The instrument should be considered as a whole and no portion of it should be disregarded, unless it be repugnant to another portion (*Kesler* v. *Comm. Cas. Ins. Co.,* supra; *Wheeler* v. *Fidelity & Cas. Co.,* 129 *Ga.* 237, 58 S. E. 709), in arriving at the intention of the parties. *Candler Investment Co.* v. *Cox,* 4 *Ga. App.* 763 (62 S. E. 479) ; *Perkins* v. *Empire Life Ins. Co.,* 17 *Ga. App.* 658 (87 S. E. 1094).

In the present case *both* the group policy and the certificate contained the following provisions : " Six months after receipt at the Home Office of the Company of satisfactory evidence (1) that any insured employee has, while under age sixty, become totally disabled by bodily injuries or disease from engaging in any occupation for compensation or profit, and will be so disabled for life, and (2) that such employee *has been continuously insured hereunder for at least one year immediately preceding the commencement of disability, or was eligible for insurance on the date of this policy and has been continuously* insured from a date not more than three months thereafter to the commencement of disability," the company agrees to pay certain described benefits. These, it seems to us, are plain and unambiguous provisions to the effect that the insured, in order to obtain the disability benefits under the policy, must have either been eligible for insurance at the time of the issuance of the group policy, and have been continuously insured from a date not more than three months thereafter to the commencement of disability, *or* must have been continuously *insured* under the group policy for at least one year immediately preceding the commencement of the disability. In other words, the policy and the certificate issued thereunder divide into two classes the persons eligible to this feature of the contract, viz., (1) those who were employed at the Kincaid Mills at the time of the issuance of the group policy and who had completed three months continuous service, and (2) those that were not so employed at the time of the issuance of the group policy. It is admitted that the insured fell within the second class and that she

had not been continuously insured under the group policy for one year immediately preceding her disability. However, it is contended that the provision of the group policy which states: "Employees actively employed on May 10, 1931, who have completed three months or more of continuous service are immediately eligible for *insurance;* other employees (including those entering service after May 10, 1931) will be eligible immediately upon completion of three months of continuous, active service," when construed most strongly against the insurer, makes the insured eligible for disability insurance, she having been employed more than three months at the time of her alleged disability. With this contention we are unable to agree. The provision above quoted, ·to the effect that insured will be eligible to the disability benefits under the policy only in certain cases, in no way conflicts with or renders ambiguous the last-quoted clause to the effect that she will be eligible for *insurance* after three months of continuous service. It will be noted, upon a careful examination, that the two clauses not only do not conflict but are in entire harmony, for in the first instance it is made clear that if she was not employed by the Kincaid Mills at the date of the policy, that is on May 11, 1930, in order to become eligible for insurance she must complete three months of continuous service, and the disability clause provides that in such case she must have been *insured,* not that she must have been employed, one year immediately preceding her disability. At the expiration of three months continuous service with the Kincaid Mills, the insured was eligible for insurance, and a certificate was issued to her at that time, but that fact does not conflict with the plain provisions of the certificate and group policy that she was not eligible for the disability provisions unless she was either employed by the Kincaid Mills at the time of the issuance of the group policy and had subsequently completed three months continuous service, or, if not so employed, had been continuously insured under such policy twelve months immediately preceding her disability. From a consideration of the provisions as a whole, the intention of the parties to the contract appears plain and unambiguous, in accordance with what we have said above. We are therefore of the opinion that the trial judge erred in rendering judgment against the insurance company.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*