*Erwin, Erwin & Nix, Lamar C. Rucker, Lee, Congdon & Fulcher,* contra.

25690. METROPOLITAN LIFE INSURANCE CO. *v.* EVANS.

DECIDED NOVEMBER 7, 1936. REHEARING DENIED DECEMBER 10, 1936.

*Shackelford & Shackelford, Walter G. Cornett,* for plaintiff in error. *E. C. Stark,* contra.

SUTTON, J. Suit was brought against the insurance company, to recover for alleged total and permanent disability under a certificate of insurance issued to the plaintiff under a group policy taken out by her employer. The only issue, as admitted on the trial, was as to the construction of a clause in the policy and certificate which provided as follows: "Upon receipt by the company of due notice and proof—both in writing—that any employee while insured hereunder and prior to his sixtieth birthday has become totally and permanently disabled as a result of bodily injury or disease, so as to be prevented thereby from engaging in any business or occupation and performing any work for compensation or profit for the remainder of his life, and that such disability has already continued uninterruptedly for a period of at least three months, and provided: (a) the disability for which claim is made commenced after the employee had been continuously insured hereunder for a period of one year, and . . the company shall discontinue all the insurance, and shall pay to the insured twenty instalments of $25.52 each." It is contended by the insurance company that the plaintiff is not entitled to recover, because the disability sued for commenced before the insurance had been in force one year; and also that the "disability" as used in the quoted clause of the policy refers, as to "commencement," not necessarily to total and permanent disability, but to any disability that later culminates in total and permanent disability; it being contended by the plaintiff that the "disability" referred to means the total

and permanent disability sued for, and that such total and permanent disability did not "commence," that is, occur, until after the one-year insurance period.

■ While "the contract of insurance should be construed so as to carry out the true intention of the parties" (Code, § 56-815), yet "policies of insurance will be liberally construed in favor of the object to be accomplished, and provisions therein will be strictly construed against the insurer," and "if a policy or contract of insurance is fairly susceptible of more than one construction, the interpretation most favorable to the insured will be given effect." *Ætna Life Insurance Co.* v. *Padgett,* 49 *Ga. App.* 666 (176 S. E. 702), and cit. Accordingly, the "disability" referred to in the policy, and as used therein, means the total and permanent disability sued for, and "commence" means the time when such total and permanent disability occurred. The *Padgett* case, supra, relied on by the plaintiff in error, was tried on an agreed statement of facts, which showed that the policy of insurance was issued on July 7, 1931, and that the plaintiff became totally disabled on November 6, 1931, within less than six months from the date of the insurance. In the present case there was an issue of fact as to when the total and permanent disability of the plaintiff occurred. Under the evidence the jury was authorized to find that the plaintiff became totally and permanently disabled, and that such total and permanent disability did not commence, that is, occur, until after the insurance had been in force one year.

■ The motion for new trial contains several special grounds, the first of which was expressly disapproved by the court. One ground is that the court erred in charging the jury: "Of course, your attention is also called to that clause of the policy which provides that it does not go into effect until ninety days after the issuing of the policy. Now, it is not necessary for the court to instruct you the reason why that provision is put in the policy of these group insurances. As the court construes that, that is to prevent a person from applying for and obtaining this insurance, who within three months or before ninety days had expired, who had some disease or trouble, and therefore the policy will not become binding or in force against the company until the ninety days has expired." This was an inaccurate statement by the court with reference to the ninety-day clause in the policy, but it was more

harmful to the insured than to the insurer, the said clause providing that after working for ninety days a new employee might, upon application, obtain a certificate of insurance. The charge was not error against the company for the reason assigned, that is, that the company could not, after ninety days, raise the question as to disease or disability. The other grounds complain of the charge, or the failure to charge, as to the commencement of the disability (which in the present case is alleged to be total and permanent disability), but, as shown in the first division above, the "disability" that would prevent the plaintiff from recovering, if commenced before the insurance had been in effect one year, is the total and permanent disability which is sued for. Hence the court did not err in charging the jury that if the plaintiff had become totally and permanently disabled, and such disability did not occur until after the insurance had been in effect one year, the plaintiff was entitled to recover. All of the special grounds are without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*