## 25840. MERCER *v.* COMMERCIAL CASUALTY INSURANCE CO.

DECIDED MARCH 11, 1937.

*Oliver & Oliver,* for plaintiff.

*Abrahams, Bouhan, Atkinson & Lawrence,* for defendant.

GUERRY, J. On June 27, 1934, the Commercial Casualty Insurance Company issued a policy of insurance to Gus Mercer, in which Ophelia Mercer, his mother, was named as beneficiary. This is an action by Ophelia Mercer on the policy. Upon the hearing of the demurrer, counsel for the plaintiff admitted that the death of the insured resulted from natural causes. A general demurrer contending that the policy attached to the petition did not on its face cover death from natural causes was sustained. In the caption of the policy it was provided: "This policy provides indemnity for loss of life, limb, limbs, sight, or time caused by accidental means, *or for natural death* [italics ours], or for disability by sickness to the extent herein provided." The insuring clause provided that in consideration of a named premium the company "does hereby insure Gus Mercer of Clio, Georgia, . . against death, and disability resulting directly and exclusively of all other causes, from bodily injury sustained solely through external, violent and accidental means (excluding suicide, sane or insane), hereinafter called 'such injury,' and against disability caused from any bodily disease or illness which is contracted and begins during the life of this policy. . . Principal sum—five hundred dollars, monthly accident indemnity—fifteen dollars, monthly illness indemnity—fifteen dollars." Subsection (H) of the policy provides: "If illness for which indemnity is payable under this policy is of such a serious character that it results fatally . . the company will pay an additional indemnity on account of such illness, sufficient in amount to cover all reasonable expenses put upon the insured during such illness and by reason thereof, not exceeding fifty dollars ($50.00) in amount."

Subsection (W) provides: "This policy does not cover any disability *or death* resulting from (1) menstruation or disease not common to both sexes; (2) any venereal diseases; (3) any sur-

gical operation for any chronic ailment originating before the issuance of this policy; (4) aviation; (5) any injuries of which there is no external or visible mark on the body (accidental drowning excepted), or for suicide or attempt to commit suicide; (6) the use of any intoxicant or narcotic; (7) any injury received or sickness contracted outside of the United States or its territorial possessions or Canada, or while engaged in military or naval services during time of war or as a result of any act of war; (8) or any loss, fatal or otherwise, sustained by the insured while in or on or attempting to get in or out of any vehicle or mechanical device for aerial navigation; (9) any death or injuries resulting from fits, vertigo, or somnambulism; (10) any act committed by the insured which is unlawful per se, or which is declared unlawful by statute; nor does it cover miners."

While the face of the policy and the caption of the policy state that this provides indemnity for natural death, there is no other provision in the policy except those quoted above which refers to natural death. To our mind there is not any ambiguity in the policy. The comma after the word "death" in the insuring clause quoted above, shows that Gus Mercer is insured against death, and (against) (the insert is ours) disability by violence, accident, etc., and against disability by bodily diseases or illness in the amounts named. The death referred to above is not limited to death by accidental means, but "against death,"—death from any cause except those expressly excluded such as suicide and those causes stated in clause W above quoted. Even if there be any ambiguity, although to our minds there is none, the policy should be construed most favorably to the insured. More than this, the petition attaches copies of letters to the insured, giving him notice of the premiums which were due thereon, which contained such expressions as these: "Before sickness, affliction, or the grim reaper of death overtakes you and in order to protect yourself and your loved ones, just place a money order together with your premium receipt book in the little envelope and mail back to us." Moreover, after the insured had died from natural causes and his mother had filed proofs of loss with the company, it denied liability on the ground that a payment of premium had not been sent in in time to prevent a lapse, and on the further ground that the illness from which the insured died had its beginning before the

policy was reinstated, and they declined to pay other than a refunding of the reinstatement payment. The court erred in sustaining the general demurrer to the petition.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*