## 31865. HART *v.* METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK.

DECIDED FEBRUARY 14, 1948.

*Cody U. Watson*, for plaintiff.
*Bussey & Hardin*, for defendant.

SUTTON, C. J. On November 21, 1946, Metropolitan Casualty Insurance Company of New York issued to Bell Hart an insurance policy in which her husband, Alf Hart, was named as beneficiary. The insured died of natural causes, on December 29, 1946, and, after being duly notified of her death, said Casualty Insurance Company denied liability under the policy and refused to pay

the same. Alf Hart, the beneficiary, then sued said Casualty Insurance Company on the policy and sought a recovery for $250, the principal sum of the policy, and for interest, attorney's fees and a penalty. A copy of the policy of insurance was attached to the amended petition.

The defendant demurred to the amended petition on the grounds: that it appears from the policy attached thereto that the only death benefits payable under the policy are set out in paragraph "K" thereof, and that the policy was issued on November 22, 1946, and Belle Hart died on December 29, 1946, which was less than 45 days from the date of the policy, as provided for in said paragraph "K"; and that no cause of action is set forth against the defendant, as paragraph 2 of the "Insuring Clause" of the policy does not provide for any death benefits. The court sustained the demurrer and dismissed the plaintiff's action. The exception here is to that judgment.

In the caption on the face of the policy, it is provided in large print: "This policy provides indemnity for loss of life, limb, limbs, sight or time caused by accidental means, or death from fatal illness, or for loss of time by illness to the extent herein provided." The "Insuring Clause" is as follows: "This policy insures against (1) loss resulting directly and independently of all other causes from bodily injury sustained during any term of this policy and effected solely through external, violent and accidental means, said bodily injury being hereinafter referred to as 'such injury,' or (2) resulting from sickness contracted and beginning after this policy has been maintained in force for not less than thirty (30) days from its date, and causing loss commencing while the policy is in force, hereinafter referred to as 'such illness.' " And clause (AA) under the "Insuring Clause" is as follows: "Principal Sum Two Hundred Fifty & No/100 Dollars. Monthly Accident Indemnity Twenty & No/100 Dollars. Monthly Illness Indemnity Twenty & No/100 Dollars." Clause A provides for indemnity for specific losses resulting solely from such injury within ninety days from the date of the accident; clauses B and C provide for Monthly Accident Indemnities; clause D, for Double Indemnity; Clause E, for Surgeon's Fees, etc.; and Clause K is as follows: "If the illness for which indemnity is payable under this policy is of such a serious character

that it results fatally after the expiration of a period of forty-five (45) days from date of policy, the company will pay an additional indemnity of fifty dollars ($50) on account of such illness, to cover additional expenses put upon the Insured during such illness and by reason thereof."

Whether the petition was subject to the demurrer depends upon a construction of the policy of insurance. "The contract of insurance should be construed so as to carry out the true intention of the parties." Code, § 56-815. While the language of a contract of insurance should receive a reasonable construction, it is a well-settled principle of law that a policy of insurance will be liberally construed in favor of the object to be accomplished, and provisions therein will be strictly construed against the insurer. *New York Life Insurance Co.* v. *Thompson,* 45 *Ga..App.* 638 (165 S. E. 847) ; *Johnson* v. *Mutual Life Insurance Co.,* 154 *Ga.* 653 (115 S. E. 14) ; *Penn Mutual Life Insurance Co.* v. *Milton,* 160 *Ga.* 168 (127 S. E. 140, 40 A. L. R. 1382). If the policy is reasonably susceptible of more than one construction, the interpretation favorable to the insured should be given effect, and, if inconsistent clauses appear in the body of the policy, the one most favorable to the insured will be adopted, and where the contract is ambiguous the doubt should be resolved against the insurer. See *Aetna Life Insurance Co.* v. *Padgett,* 49 *Ga. App.* 666 (176 S. E. 702), and citations.

In *Mercer* v. *Commercial Casualty Ins. Co.,* 55 *Ga. App.* 451 (190 S. E. 426), this court dealt with and construed a policy of insurance having substantially the same provisions as the policy now under consideration. The death of the insured there, as here, resulted from natural causes, and it was there contended by the defendant on demurrer, as it is now contended here, that the policy attached to the petition did not cover death from natural causes, and that the petition did not set out a cause of action. This court construed the policy adversely to the contentions of the insurance company, and held that the petition was not subject to the demurrer. This court, in *Fokes* v. *Interstate Life &c. Ins. Co.,* 59 *Ga. App.* 680 (2 S. E. 2d, 170), considered and dealt with a policy of insurance very similar to the one now under consideration, and held that the policy covered liability for death resulting from natural causes. We think that the rul-

ings in those cases are controlling against the contentions of the insurance company in the present case. As stated above, it is provided in the caption on the face of the policy now under consideration that "This Policy provides Indemnity for loss of life, limb, limbs, sight or time caused by accidental means, or death from fatal illness, or for loss of time by illness to the extent herein provided." It will be seen by reference to the "Insuring Clause," which is quoted above, that the policy insures against loss resulting from sickness in the same manner as it insures against loss resulting from bodily injury from accidental means.

We think that a reasonable and proper construction of the policy here sued on is that it provides for indemnity in the principal sum of $250 for the death of the insured from fatal illness or natural causes, where death resulted from sickness contracted and beginning after the policy had been maintained in force for not less than 30 days from its date, and while the policy was in force, as well as providing for the same indemnity for loss of life of the insured from accidental means. Clause "K" of the policy merely provides that, if the death of the insured results from illness after the expiration of a period of 45 days from the date of the policy, the company will pay an additional indemnity of $50, to cover additional expenses put upon the insured during such illness and by reason thereof. No claim is made for an additional $50 in the present suit, as the policy had not been in effect for 45 days at the time of the death of the insured; but it had been in force and effect for more than 30 days from its date, at the time of the insured's death.

The trial court erred in sustaining the defendant's demurrer, and in dismissing the action.

*Judgment reversed. Parker, J., concurs. Felton, J., concurs specially.*