43361. MIDLAND NATIONAL INSURANCE COMPANY v. WRIGHT et al.

DEEN, Judge. 1. In this declaratory judgment action the court is called upon to construe the following exclusionary provision in an automobile liability insurance policy: "This policy does not apply: . . . (d) under coverage A, to bodily injury to or sickness, disease or death of any employee of the insured arising out of and in the course of (1) domestic employment by the insured, if benefits therefor are in whole

or in part either payable or required to be provided under any workmen's compensation law, or (2) other employment by the insured." "Where the terms and conditions of an insurance policy are unambiguous, the court must declare the contract as made by the parties. *Penn Mutual Life Ins. Co. v. Marshall,* 49 Ga. App. 287 (1) (175 SE 412). Where the meaning is plain and obvious, it should be treated as literally provided therein." *Nelson v. Southern Guaranty Ins. Co.,* 221 Ga. 804, 808 (147 SE2d 424). This elementary rule of construction necessarily applies not only to the meaning of words but to their 'arrangement within the context of the policy provisions generally. Here, the policy states that it does not apply in 11 situations, serially listed. The fourth situation, (d), contains two subheads: (1) it does not apply to domestic employment by the insured if workmen's compensation is recoverable, and (2) it does not apply to "other employment by the insured." The arrangement of these subdivisions makes it obvious that the "other employment" means employment other than domestic employment. To say that it means employment other than employment in pulpwood operations, the generally designated occupation of the named insured as stated under the name and address of the named insured on the face of the policy, would be a strained and hypercritical construction which is beyond the power of the court. *McLendon v. Carolina Life Ins. Co.,* 71 Ga. App. 557 (31 SE2d 429). We cannot create an ambiguity by lifting a clause out of a context in which the synopsis plainly places it and making it refer to another subject matter in violation of the rules of grammatical construction. Under identical policy language the same result was reached in Walker v. Countryside Cas. Co., 239 Ark. 1085 (396 SW2d 824).

2. In the present action it was stipulated that the plaintiff was an employee of defendant's insured, and that he was injured as a result of the maintenance and use of the insured automobile within the scope of his employment with the insured. Since the contract of insurance plainly brings this situation within the exclusionary clause above quoted, the trial court erred in denying the plaintiff insurer the declaratory relief sought.

*Judgment reversed. Jordan, P. J., and Pannell, J., concur.*

ARGUED JANUARY 15, 1968—DECIDED FEBRUARY 9, 1968.

210

*Richardson, Doremus & Karsman, Stanley Karsman,* for appellant.

*Kravitch & Hendrix, Bart E. Shea, Usher & Haupt, Reginald C. Haupt, Jr., Friedman, Haslam & Weiner, Tom Edenfield,* for appellees.