51812. LESTER v. GREAT CENTRAL INSURANCE COMPANY.

MARSHALL, Judge.

This is an appeal from the grant of a motion for summary judgment in favor of the defendant insurance company on the sole question of coverage of a theft loss away from the insured's business premises.

The record reflects that appellant was the owner and operator of two liquor stores in Macon. His normal business operations caused him to pick up the cash receipts of each store at the close of the business day and

carry the cash to a Jones County motel jointly owned by himself and another. The cash was placed in a safe at the motel overnight or over the weekends, as the case might be, and deposited in the bank on the workday next following. There was a nightwatchman regularly employed as caretaker-watchman of the motel who slept in the room next to where the safe and money were stored. Sometime during the night of December 14-15, 1974, the motel was robbed or burglarized and the safe and contents taken, to appellant's loss.

The appellee-insurance company had issued two insurance policies, one on each liquor store. These policies agreed "To pay for loss of money . . . by holdup or robbery from the assured *or an employee* of the assured outside of the business premises anywhere in the world." (Emphasis supplied.) An employee of the assured was defined as follows: "The word 'employee' shall mean all natural persons in the regular service of the assured, at the business premises designated in the declaration, in the ordinary course of assured's business, [who are compensated by the assured], and who, in the performance of such service are at all times governed and directed by the assured from the business premises and are working at or out of the business premises."

Since the loss occurred while the money was in the custody of an "employee" of the appellant, demand was made for recovery under the terms of the policy. Appellee refused payment contending that the definition of the term "employee" in each policy did not include this particular employee. This suit followed. *Held:*

"Insurance is a matter of contract, and the language used is to be accorded its general ordinary meaning, bearing in mind that the contract is to be construed in accordance with the intention and understanding of the parties, and in construing it the court cannot go further than a fair construction of the language used will permit. *North British &c. Ins. Co. v. Tye,* 1 Ga. App. 380, 389 (58 SE 110) . . . Where the contract is unambiguous, it must be construed to mean what it says. This rule applies to language limiting coverage. *State Farm Mut. Auto Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432)." *Cherokee Credit Life Ins. Co. v. Baker,* 119 Ga. App. 579, 582 (168 SE2d

171). Of course if the contract is ambiguous the ambiguity is to be resolved against the insurer. *Aetna Life Ins. Co. v. Padgett,* 49 Ga. App. 666 (176 SE 702). But ambiguity is not to be created by lifting a clause or portion of the contract out of context. *Midland Nat. Ins. Co. v. Wright,* 117 Ga. App. 208 (1) (160 SE2d 262). The natural, obvious meaning is to be preferred over any curious, hidden meaning which nothing but the exigency of a hard case and the ingenuity of a trained and acute mind would discover. *Maddox v. Life & Cas. Ins. Co.,* 79 Ga. App. 164, 174 (53 SE2d 235).

Ga. L. 1960, pp. 289, 667 (Code Ann. § 56-2419) provides that "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended or modified. . ."

Within the context of the above rules of construction, did the word "employee" as defined in the policies include the nightwatchman at the motel in Jones County? There is general agreement between the parties that the nightwatchman was a salaried employee of appellant; that he was regularly employed as a caretaker of the motel and regularly safeguarded the receipts of the two liquor stores. It was also agreed that the employee was not engaged in the liquor store activities but was employed solely at the motel.

Looking to the ordinary meaning of the language in the insurance policy and giving it a fair construction, the definition of "employee" may be paraphrased to read: The word "employee" includes any person in the regular employment of the assured at either of the assured's two liquor stores who is engaged in the ordinary course of the business of retailing liquor; who is paid by the insured; who while in the performance of the business of retailing liquor is at all times governed and directed by the assured from the liquor stores; and who is working at or out of the liquor stores.

A simple application of the facts to the requirement of the policy's definition of "employee" discloses the nighwatchman was not employed in the liquor retailing business at either store in Macon, was not, while engaged in the liquor retailing business at either store in Macon,

governed by the assured from the Macon sites, nor was the employee working at or out of the Macon liquor store sites. This reading of the terms of coverage of the policies as amplified by its internal definitions compels the conclusion that the motel employee cannot be one of the employees protected against robbery loss occurring away from the protected premises.

The parties do not dispute the applicable law. There can be but one logical reading of the policy. The insurer has pierced the pleadings of the insured. Though the pleadings may have raised an issue, appellee has shown that the truth of the matter is that there was no genuine issue of material fact. *Scales v. Peevy,* 103 Ga. App. 42 (118 SE2d 193). Appellee-movant having met its burden, there was no error in the grant of the motion for summary judgment. *Raven v. Dodd's Auto Sales & Service,* 117 Ga. App. 416 (160 SE2d 633).

*Judgment affirmed. Bell, C. J., Pannell, P. J., Deen, P. J., Quillian, Clark, Stolz and Webb, JJ., concur. Evans, J., dissents.*

SUBMITTED FEBRUARY 3, 1976 — DECIDED APRIL 7, 1976.

*Mullis, Reynolds, Marshall & Horne, Gerald S. Mullis,* for appellant.
*Anderson, Walker & Reichert, Thomas W. Talbot,* for appellee.

EVANS, Judge, dissenting.

Burney Lester, as executor of the estate of Felton S. Lester, owned two liquor stores and a one-half undivided interest in a motel. Lester had insurance policies on the liquor stores which provided, among other things, coverage for losses due to hold up and *robbery outside the business premises,* that is, to pay for loss of money, etc, by hold up or robbery from the assured or "an employee of the assured outside of the business premises anywhere in the world." (R. 25, 31, J-4).

Lester customarily took the receipts from the two liquor stores, and locked them in a safe at the motel. He employed a nightwatchman whose primary duties and

responsibilities were to receive and guard the receipts at the motel until they could be deposited. These receipts also included the motel receipts. (R. 40).

A robbery occurred outside the business premises in that the employee-nightwatchman was robbed. Demand for payment was made and the insurance company refused to pay, and Lester sued. Discovery was had thereafter, and defendant's motion for summary judgment was granted. Plaintiff appeals.

1. The majority affirms largely because of the definition of an "employee" contained in the policy. The language of that clause in the policy is as follows: "The word 'employee' shall mean all natural persons, in the regular service of the Assured, at the business premises designated in the Declarations, in the ordinary course of Assured's business, who are compensated by salary, wages, or commissions and who, in the performance of such service are at all times governed and directed by the Assured from the business premises and are working at or out of the business premises." I respectfully dissent.

2. The evidence here shows the employee who was robbed as nightwatchman, was in the employ of the plaintiff, and also in employ of the other partner of the motel. His performance of services was at all times governed and directed by the assured from the "business premises" and he was working "out of the business premises." (R. 40).

3. A jury might say that from the payment of the employee's wages, his working hours, and the fact that he was jointly employed by the liquor store owner and another employer, and because his duties were primarily at the motel, this constituted a subterfuge for the plaintiff to say he was plaintiff's employee at the liquor store.

4. But on summary judgment, the evidence must be construed most strongly in favor of the party opposing the summary judgment motion. See *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (126 SE2d 442); *McCarty v. Nat. Life &c. Ins. Co.*, 107 Ga. App. 178, 179 (129 SE2d 408); *Simpson v. Dotson*, 133 Ga. App. 120, 122 (4) (210 SE2d 240).

But here the evidence does not even have to be construed more favorably toward the party opposing the summary judgment since the plaintiff positively stated

that the employee who was robbed was employed by plaintiff, although admitting that he was a nightwatchman, who guarded the receipts for all three businesses until deposited.

5. Further, in construing the meaning of the word "employee" as set forth in the policy, it must be remembered that insurance policies must be construed most liberally in favor of the object to be accomplished by the policy. *Aetna Life Ins. Co. v. Padgett*, 49 Ga. App. 666 (176 SE 702). Here, in order to arrive at the construction reached by the majority, a *strict construction* has to be given the term "employee," contrary to the law in such cases.