27501. BENNETT *v.* LIFE & CASUALTY INSURANCE COMPANY.

STEPHENS, P. J. 1. Where a life-insurance policy which insures against death resulting from injury resulting from accidental and external causes contains a provision that "no indemnity will be paid as the result of, or for injuries . . where death . . does not occur within thirty days from the date of the accident," and the premiums charged in the policy are, as provided in the policy, "adjusted to the liability assumed, by placing therein various conditions, exceptions, and limitations, and it is the intention of the parties that each of these limitations, exceptions, and conditions are to be literally construed, that none of them are to be stricken out or ignored or disregarded in its interpretation, either on the ground that they are ambiguous or wholly or partially or substantially repugnant or for any other reason, but each is to be given its full and literal meaning, it being further understood by the parties that the said premium will buy only such protection as the terms of the policy literally show," the beneficiary is entitled to collect for the death of the insured, occurring as the result of an accident, only when the death occurs within thirty days from the date of the accident. The provision in the policy that there is no liability thereunder for an accidental death unless the death occurs within thirty days from the date of the accident is a limitation in the policy to which the premium paid is adjusted. Such provision is not unreasonable, and is not against public policy. The policy by reason of this clause is not a wagering policy.

2. In a suit by the beneficiary against the insurer, to recover under the policy for the death of the insured which resulted from an injury caused by accidental means, where it appears from the petition that the insured died on December 28, 1937, from an injury sustained by him on October 3, 1937, the petition failed to set out a cause of action, and the court did not err in sustaining the demurrer.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED JUNE 24, 1939.

*Walter A. Sims, Henry M. Henderson,* for plaintiff.
*Carl B. Copeland,* for defendant.