### 41485. ALWOOD v. COMMERCIAL UNION ASSURANCE COMPANY, LTD.

FRANKUM, Judge. 1. The record in this case shows without dispute that the fire loss for which suit was brought occurred on April 4, 1960, and that suit was not filed until November 2, 1961, almost 19 months after the loss. The policy provided that no suit or action for the recovery of any claim thereunder would be sustainable in any court of law or equity unless commenced within 12 months after the inception of the loss. This was a valid limitation on the right of the plaintiff to sue, and the failure of the plaintiff to bring suit within the time specified was a bar to the action. *Springfield Fire &c. Co. v. Carter*, 110 Ga. App. 382 (138 SE2d 590). The court did not err in directing a verdict for the defendant.

2. Assuming that the evidence offered by the plaintiff in justification of his failure to bring suit within 12 months after the loss would have been sufficient, if submitted to the jury, to have authorized a finding in his favor, this evidence was excluded by the court, and no valid assignment of error is made in the motion for a new trial on this ruling, nor is there any direct exception contained in the bill of exceptions assigning error thereon, and the argument contained in the brief of counsel for plaintiff in error regarding this ruling, therefore, presents no question for decision by this court.

*Judgment affirmed. Bell, P. J., and Hall, J., concur.*

SUBMITTED SEPTEMBER 13, 1965—DECIDED SEPTEMBER 28, 1965.

*William K. Buffington, V. J. Adams,* for plaintiff in error.

*Smith, Ringel, Martin & Lowe, Sam F. Lowe, Jr., Westmoreland & Patterson,* contra.