23793.   STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. SEWELL, by Next Friend.

ARGUED DECEMBER 12, 1966—DECIDED JANUARY 5, 1967—REHEARING DENIED JANUARY 19, 1967.

*Heard & Leverett, E. Freeman Leverett,* for appellant.

*Robert B. Struble, McClure, Ramsey & Struble, Joseph Skelton,* for appellee.

DUCKWORTH, Chief Justice.   The controlling question is whether or not the charge that loss of sight for all practical purposes conforms to the policy provision "entire" loss of sight.

We are not aided by *Cato v. Aetna Life &c. Co.*, 164 Ga. 392 (138 SE 787); *Metropolitan Life Ins. Co. v. Johnson*, 194 Ga. 138 (20 SE2d 761); and *Mutual Life Ins. Co. v. Barron*, 198 Ga. 1 (30 SE2d 879), which dealt with "total disability." In those cases the kind of work was involved as well as the lack of mathematical certainty, while here, the degree of loss of sight is fixed by the invariable word "entire." That word "entire" embraces all and leaves nothing. This means that if there exists enough sight to count fingers, see that a shirt is blue, and see objects though indistinctly, as the evidence shows the insured could do, his sight is not entirely lost. Although it would be humane and kind to this unfortunate boy to let him have the amount of the policy to feebly compensate for his injury, no court can find justification in doing so if it must resort to the torture, distortion and material changing of the words, "entire and irrecoverable loss of sight," in order to do so.

The Court of Appeals cited decisions from other jurisdictions supporting its decision, but we believe them unsound and can not follow them. Admittedly, this policy sharply restricts its coverage to cases where no eyesight remains after the injury, and this renders it less desirable than one with more liberal coverage. But such matters are for the determination of the insurer, and if they curtail its volume of business, as it likely should, that again is the insurer's business, and those wishing insurance, including this insured, are free to reject such policies and refuse to do business with the insurer.

But when the policy limits the coverage in unambiguous terms, as was done here, courts, despite their dislike of such coverage, have no choice but to accept without alteration all such terms and limit liability thereto.

The charge contradicted the policy, the evidence demanded a verdict against the insured, and the Court of Appeals erred in affirming the verdict to the contrary and the charge enumerated as error.

*Judgment reversed. All the Justices concur.*