### 42726.   THOMPSON v. METROPOLITAN LIFE INSURANCE COMPANY.

SUBMITTED APRIL 4, 1967—DECIDED MAY 16, 1967.

*Paul C. Myers,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Scott Charlton,* for appellee.

JORDAN, Judge. The controlling issue before this court is whether the Georgia Insurance Code entitles the plaintiff to bring an action within three years after written proof of loss is required, notwithstanding a two-year provision in the insurance policy. Although the plaintiff relies on *Code Ann.* § 56-3105 (7), this requirement of the Georgia Insurance Code applies solely to blanket accident and sickness insurance, but *Code Ann.* § 56-3108, requiring certain claims provisions of group accident and insurance policies to be not less favorable than those in individual policies, has the effect of imposing the same three-year requirement for group policies as set forth in *Code Ann.* § 56-3004 (11). The Georgia Insurance Code became effective on January 1, 1961 (*Code Ann.* § 56-115) and required compliance by persons acting as insurers in this State (*Code Ann.* § 56-109), but it also allowed a minimum period of one year for the imposition of any requirement not existing under law in force immediately before the effective date. *Code Ann.* § 56-110. As nothing appears in the petition to show that the group policy

was issued subsequent to the effective date of the Georgia Insurance Code (in fact, the plaintiff concedes otherwise in his brief) and as the coverage became effective as to the plaintiff on October 1, 1961, within the grace period before the new requirements could become mandatory with respect to such a contract, the insured could rely on its right to enforce more restrictive limitations not contrary to laws previously in force.

Under these circumstances it is unnecessary to reach the issue of whether the three-year minimum limitation under the new law, if applied to an insurance contract already in force, would result in an unconstitutional application of a statute by impairing the obligation of a contract. See in this connection, however, *Code* § 102-104; *Cutts & Johnson v. Hardee,* 38 Ga. 350, 366; *George v. Gardner,* 49 Ga. 441, 450; *Dixie Constr. Co. v. Williams,* 95 Ga. App. 767, 769 (98 SE2d 582); Terry v. Anderson, 95 U. S. 628 (24 LE 365); Smith & Marsh v. Northern Neck Mut. Fire Assn., 112 Va. 192 (70 SE 482).

As the petition affirmatively discloses that the action is barred by the provisions of the contract on which it is based, the trial judge properly sustained a general demurrer.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*