43524.  DUCKETT v. PIEDMONT SOUTHERN LIFE INSURANCE COMPANY.

BELL, Presiding Judge. Appellant sued under an employee group insurance contract for reimbursement of certain medical expenses incurred in the treatment of injuries received in an automobile accident. The suit seeks recovery of expenses for part of the medical treatment which, although compelled by the severity of appellant's injuries, was not administered to her within the time limitations provided in the policy. The policy provides for payment for treatment for accidental bodily injuries "for which covered expenses are incurred after the effective date of insurance and while insured under the policy. The charge for a service shall be deemed to have been incurred on the day the service is performed." *Held:*

4

The policy of the Supreme Court is to enforce strictly an insurance contract in accordance with the meaning of its unambiguous terms, even in those instances where the court's sympathy may avowedly rest with an unfortunate claimant precluded recovery by that strictness of policy. *State Farm Mut. Auto. Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432). This court, also, must confine itself to the truth that insurance is a matter of contract—not sympathy. *Pilot Life Ins. Co. v. Stephens,* 97 Ga. App. 529 (103 SE2d 651). It appearing from the stipulations of the parties that the expenses claimed were incurred for treatments administered after the expiration of unambiguous time limitations stated in the policy, the judgment of the trial court in favor of the defendant is

*Affirmed. Hall and Quillian, JJ., concur.*

ARGUED MARCH 5, 1968—DECIDED JUNE 12, 1968.

*Frank R. Lea,* for appellant.

*Wiggins & Smith, Walter A. Smith, M. T. Simmons, Jr.,* for appellee.