44904. ST. PAUL FIRE & MARINE INSURANCE
COMPANY v. MOSE GORDON CONSTRUCTION
COMPANY, INC. et al.

BELL, Chief Judge. Plaintiff brought this action to recover for damage to a drill that was being transported on the truck

of the defendant Hix Trucking Co., Inc. The trucking firm's insurance carrier was joined as a party defendant, under *Code Ann.* § 68-612. Hix cross claimed against the insurance company. The insurer moved for summary judgment which was denied, and the trial court certified the denial for direct review.

1. The material facts are admitted by the pleadings of the parties. The case hinges upon the construction of portions of the insurance policy. The insuring agreement in pertinent part states: "This policy insures the legal liability of the insured as a carrier for loss or damage to goods described herein caused by: b. Collision while in the ordinary course of transportation (meaning thereby the violent and accidental contact of the motor truck with any other automobile, vehicle or object, but excluding loss or damage by coming in contact with a stationary object in backing for loading or unloading purposes, contact with any portion of the roadbed or by striking the rails or ties of street, steam or electric railroad) but free from all claims for loss, damage or expense by wear and tear or ordinary handling due to the mode of transportation."

The drill while on defendant's truck was damaged when it and not the truck struck a railroad underpass. Plaintiff and cross claimant Hix contend that the exclusions following the definition of a collision have created an ambiguity in the insurance contract which must be resolved in their favor. While we have carefully considered this argument and cases cited in support, we fail to find any ambiguity. This issue is controlled by the Supreme Court's decision in *Wolverine Ins. Co. v. Jack Jordan, Inc.,* 213 Ga. 299 (99 SE2d 95), where it was held that under a very similar factual situation and a similar policy provision there was no ambiguity in the policy and no coverage for the loss suffered. Here the definition of a collision is very plain and unambiguous. The collision portion of the contract expressly does not cover damage to the cargo when the truck has not made contact with any object. The exclusions are likewise clear and capable of only one interpretation. Where the terms of the policy are unambiguous, we are bound to hold the provision to mean what it says and this rule applies to language limiting coverage. *State Farm Mut. Auto. Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432); *American Motorist Ins. Co. v. Vermont,* 115 Ga.

App. 663, 664 (155 SE2d 675); *Cherokee &c. Life Ins. Co. v. Baker*, 119 Ga. App. 579, 582 (168 SE2d 171). As there is no coverage under this part of the policy, it was error for the trial court to deny defendant's motion for summary judgment as to this issue.

2. A limited all-risk endorsement to the policy, however, does cover plaintiff's damage. The limits of the defendant insurer's liability under this endorsement is $1,000 and it provides that the insured agrees to reimburse the company for any payment "that the company would not have been obligated to make under the provisions of the policy, except for the agreement contained in this endorsement." As we have held in Division 1 that there is no coverage for this loss under the collision provision of the basic policy, this endorsement will govern. Consequently the trial court erred in denying defendant's prayer for summary judgment limiting plaintiff's recovery against the company to $1,000 and judgment over against Hix Trucking for all amounts recovered by plaintiff against defendant insurer.

*Judgment reversed with direction to enter judgment for defendant St. Paul Fire & Marine Ins. Co. as prayed for in its motion for summary judgment. Eberhardt and Deen, JJ., concur.*

SUBMITTED NOVEMBER 3, 1969—DECIDED JANUARY 19, 1970.

*Whelchel, Dunlap & Gignilliat, James A. Dunlap, Wright Willingham*, for appellant.

*Jack S. Davidson, John A. Darsey*, for appellees.