## 46866. SMITH v. GREAT AMERICAN LIFE INSURANCE COMPANY.

CLARK, Judge. Plaintiff-appellant sued to recover on an accident policy issued by defendant, alleging he had suffered the accidental loss of sight of an eye which the policy covered but defendant-insurer had refused to pay the claim thereon.

A trial was had during which the defendant made motions for a directed verdict at the close of plaintiff's case and again at the close of all the evidence. The trial judge

denied both motions and submitted the case to the jury. The jury was unable to reach a verdict and a mistrial was declared.

Defendant timely made a motion for judgment notwithstanding the mistrial, which was granted, from which plaintiff has appealed.

The policy provides that loss of sight of an eye means "the irrecoverable loss of the entire sight thereof." Plaintiff testified he could see only glimmers from light sources (i.e., windows and lights) and with respect to things, "I'd have to be pretty close or a big object for me to see the glimmer." An optometrist, offered as a witness by plaintiff, testified he examined plaintiff 10 days after the accident; that he observed the eye to be red, traumatic, congested and with retinal hemorrhages. This witness said that he recorded vision at about 20/200 which he classified as "blind" and possibly permanent since he was unable to help plaintiff.

Three ophthalmologists and one eye, ear, nose and throat specialist testified as witnesses for the defendant. Stating they had conducted eye examinations on the plaintiff, their respective findings were that plaintiff had uncorrected vision in the eye in the range of 20/200 to 20/300 but, with corrective glasses, the vision was in the range of 20/40 to 20/60, i.e., plaintiff had about 69% vision in the eye. This evidence, in effect, was that plaintiff had not suffered an irrecoverable loss of the entire sight.

Having regard to all the evidence and the ruling by the Supreme Court on similar language in *State Farm Mutual &c. Ins. Co. v. Sewell*, 223 Ga. 31 (153 SE2d 432) defendant was entitled to a directed verdict and the trial court did not err in granting defendant's motions therefor made pursuant to *Code Ann.* § 81A-150 (b) (Ga. L. 1966, pp. 609, 656, as amended).

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*

ARGUED FEBRUARY 7, 1972—DECIDED FEBRUARY 25, 1972.

*Albert E. Butler,* for appellant.

*Thomas & Howard, Hubert H. Howard, Robert B. Smith,* for appellee.