## 48591. TRAVELERS INSURANCE COMPANY v. PRATT.

QUILLIAN, Judge. By complaint filed in Gordon Superior Court, C. E. Pratt, III sought recovery under the terms of an insurance policy from Travelers Insurance Company. The instant appeal is from an order of the trial court entered in this contract action, wherein defendant's motion for judgment upon the pleadings, subsequently treated by the court as being a motion for summary judgment, was overruled.

The facts of the case are as follows: On January 6, 1971, plaintiff sustained a severe injury to his left foot as a consequence of a hunting accident. His injury was treated over the course of the next 18 months until June 22, 1972, at which time his injured foot was amputated. It was alleged that the injury of January 6, 1971, was causally connected to the amputation of June 22, 1972.

By affidavit, the plaintiff stated that he had suffered a complete loss of the use of his left foot from the date of the accident until its amputation; that his foot had remained in a cast for a period in excess of 90 days following the date of the accident; that he had received treatment by a competent physician continuously from the date of the accident until the amputation of his left foot, in an effort to avoid amputation, and that while he had been advised by his doctor shortly after the accident and within a period of 90 days thereafter that future amputation was a possibility, his doctor had further advised him that his left foot could be saved. All attempts, however, were fruitless and the amputation ultimately resulted.

At the time of the accident of January 6, 1971, plaintiff was an employee of Lockheed Aircraft Corporation and accordingly was covered under a group accident insurance policy issued by Travelers Insurance Company. A "Schedule of Benefits"

pertaining to part DD was attached as Exhibit "A" to the complaint. The instant complaint is confined solely to one for benefits under Part DD—Indemnities for Death, Dismemberment and Loss of Sight.

The policy requires that the plaintiff sustain bodily injury through accidental means which shall result in one of the losses enumerated within 90 days of the date of accident. The plaintiff would be entitled to one-half the principal sum of $100,000 for "loss of . . . one foot." Under the terms of the policy, "loss shall mean, with regard to hands and feet, dismemberment by severance through or above wrist or ankle joints; with regard to eyes, entire and irrevocable loss of sight."

The plaintiff argues that provisions of the type here utilized are void as against public policy and that in any case such terms can not be strictly construed so as to prevent his recovery. *Held:*

1. The policy in question by placing a time limit as to when the loss must occur does not violate public policy. *Bennett v. Life &c. Ins. Co.,* 60 Ga. App. 228 (3 SE2d 794); *Metropolitan Life &c. Co. v. Jackson,* 79 Ga. App. 263 (53 SE2d 378); *Randall v. State Mutual Ins. Co.,* 112 Ga. App. 268, 269 (145 SE2d 41); Anno. 39 ALR3d 1311, 1313. Thus, the benefits sought in the amount of $50,000 are payable only in the event the "loss" of the plaintiff's left foot occurred within 90 days of the accident of January 6, 1971.

2. As to the construction of the policy language, were this a case of pure first impression in this state a different result might obtain, but we are bound by a prior ruling of the Supreme Court of Georgia.

By way of past history, in *Georgia Life &c. Ins. Co. v. Sewell,* 113 Ga. App. 443 (148 SE2d 447), this court offered an enlightened and comprehensive review of cases with regard to the construction of the term "loss of entire sight" contained in an insurance policy. We concluded that under the terms of such a policy, the question was whether there was any practical use of eyesight remaining to the individual. This view was followed in *State Farm Mut. &c. Ins. Co. v. Sewell,* 114 Ga. App. 331 (151 SE2d 231), which was certior=ied to the Supreme Court. There, the Supreme Court held that the word "entire" embraces all and leaves nothing; that the word must be literally construed and that if the individual had any sight remaining then he did not come within the terms of the policy.

Although it is argued that the language used in *State Farm Mut.*

*&c. Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432), is obiter dicta and that the decision did not have the effect of overruling *Georgia Life &c. Ins. Co. v. Sewell,* 113 Ga. App. 443, supra, a reading of the Supreme Court's decision conclusively refutes both these contentions. The effect of this decision is to hold that we must literally construe the language here which requires "dismemberment by *severance* through or above . . . the ankle joint." (Emphasis supplied.) It is beyond peradventure that the plaintiff here lost the use of his limb within the 90 days required by the policy, but unfortunately "loss" under the policy requires a severance within 90 days. The severance did not occur until almost 18 months later. We are required by the Constitution of this State to follow *State Farm Mut. &c. Ins. Co. v. Sewell,* 223 Ga. 31, supra, until it is overruled or modified by the Supreme Court. That being true, the trial judge erred in overruling the defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Deen, J., concur.*

ARGUED SEPTEMBER 12, 1973 — DECIDED NOVEMBER 5, 1973 — REHEARING DENIED NOVEMBER 28, 1973 —

*Greene, Buckley, DeRieux & Jones, John D. Jones,* for appellant.
*T. L. Shanahan, Charles Crawford, Warren Akin,* for appellee.