## 48830. SLOAN v. CONTINENTAL CASUALTY COMPANY.

CLARK, Judge.

This appeal is by an insured from a summary judgment granted defendant sustaining the insurer's defense that plaintiff insured had failed to meet the contractual requirement that suit thereon be filed within the time required by the policy.

Plaintiff insured had received disability benefits resulting from degenerative disc disease for the period from November 23, 1966 until August 1, 1968, from Continental Casualty Co. pursuant to a group health and

accident policy issued to her employer, Kalium Chemicals Limited of Saskatchewan, Canada. These payments had ended on the last stated date when the insured had furnished the insurance company with a form accompanied by her doctor's report stating she was no longer disabled. Then, almost two years later, on June 8, 1970, insured submitted to insurer another report in which she claimed both she and her doctor had previously been in error, that in fact her disability had been continuous during the intervening period from August 1, 1968. This new claim was rejected. The instant suit was subsequently filed but not until approximately one and one-half years later, this being on November 8, 1971. The defense which served as the basis for the insurer's summary judgment motion was that the policy contained a provision that no action was to "be brought after the expiration of one year after the time written proof of loss is required to be furnished." (R. 171). This appeal is from that judgment.

"The policy of the Supreme Court is to enforce strictly an insurance contract in accordance with the meaning of its unambiguous terms, even in those instances where the court's sympathy may avowedly rest with an unfortunate claimant precluded recovery by that strictness of policy. *State Farm Mut. Auto. Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432). This court, also, must confine itself to the truth that insurance is a matter of contract—not sympathy. *Pilot Life Ins. Co. v. Stephens,* 97 Ga. App. 529 (103 SE2d 651)." *Duckett v. Piedmont Southern Life Ins. Co.,* 118 Ga. App. 3, 4 (162 SE2d 531). As the record discloses the insured commenced her suit after the expiration of the time period required by the contract, there was no error in granting the insurer's motion for summary judgment on its plea in bar. The provision of the contract as to the time within which suit must be brought "was a valid limitation on the right of the plaintiff to sue, and the failure of the plaintiff to bring suit within the time specified was a bar to the action. *Springfield Fire &c. Co. v. Carter,* 110 Ga. App. 382 (138 SE2d 590)." *Alwood v. Commercial Union Assur. Co.,* 112 Ga. App. 392 (145 SE2d 281).

The insured contends that the policy's one year

limitation on the commencement of suits is unenforceable as being contrary to Code Ann. § 56-3105 which requires blanket accident and sickness policies "issued or delivered in this State" to contain a provision at least as favorable as: "(7) . . . no such action shall be brought after the expiration of three years after the time written proof of loss is required to be furnished." This Code section is not applicable to the case at bar where the policy was solicited, written, and delivered outside of this state and did not expressly contemplate coverage of the insured in this state when written. Our ruling complies with Code Ann. § 56-302 (4) which reads: "As to an insurance coverage on a subject of insurance not resident, located, or expressly to be performed in Georgia at time of issuance, and solicited, written, and delivered outside Georgia, no such authority shall be required of an insurer as to subsequent transactions in Georgia on account thereof, and *the provisions of this Title shall not apply to such insurance or insurance coverage,* except for the purpose of premium tax requirements." (Emphasis supplied.) See *Thompson v. Metropolitan Life Ins. Co.,* 115 Ga. App. 724 (155 SE2d 728).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED JANUARY 7, 1974 — DECIDED FEBRUARY 8, 1974 — REHEARING DENIED MARCH 25, 1974.

*Saul Blau, Travis & Furlong, Walter W. Furlong,* for appellant.

*Gambrell, Russell, Killorin, Wade & Forbes, Edward W. Killorin, Sewell K. Loggins,* for appellee.