## 52480. BOYES v. CONTINENTAL INSURANCE COMPANY.

WEBB, Judge.

Patrick Stanton Boyes was thrown from his motorcycle into a telephone pole when his vehicle hit a puddle of water in Jonesboro on June 12, 1974. He suffered therefrom a total loss of the use of his left arm. Although advised by a medical expert to have the arm surgically removed, that has not been done. At the time of the accident Boyes was enrolled, as an employee of Eastern Airlines, in a voluntary accident insurance plan under a group special risk policy issued by Continental Insurance Company to EAL. The plan under which he had coverage was for $100,000 insurance, and provided indemnity of one-half of the face sum if bodily injuries caused by accident result within one year from the date of the accident in the loss of one leg or one arm. The policy provides that " 'Loss' shall mean . . . with regard to leg or arm, actual severance through or above knee or elbow joint . . ."

Boyes brought this action in November, 1975 against Continental Insurance for breach of contract generally

alleging that he was entitled to $50,000 that his group insurance plan provided for the loss of one arm due to the fact that he had totally and irretrievably lost the use of the arm. Continental answered and moved for summary judgment on the basis that there was not in existence any genuine issue as to any material fact, and that it was entitled to judgment as a matter of law. The insurance company's motion was granted and summary judgment was entered. Boyes appeals, contending that there were genuine issues of material facts that should have been submitted to a jury, and that Continental Insurance was not entitled to a judgment as a matter of law.

The issue is clear-cut. There is no dispute that Boyes was insured under Continental's policy on the date of the accident, June 12, 1974; that the injury to his arm was caused by the accident; that despite medical advice to the contrary, Boyes had declined to have his injured arm amputated; and that as of the date of the motion, 22 months after the accident, his arm had not been severed. In view of the policy definition of loss of an arm as "actual severance through or above the elbow joint" and Boyes' admission that no such severance had occurred, was he entitled to have a jury decide the case, or do the undisputed facts demand judgment for the insurer?

We must literally construe the language of the policy which defines "loss" of arm to be "actual severance through or above . . . elbow joint." "The policy of the Supreme Court is to enforce strictly an insurance contract in accordance with the meaning of its unambiguous terms, even in those instances where the court's sympathy may avowedly rest with an unfortunate claimant precluded recovery by that strictness of policy. *State Farm Mut. Auto. Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432). This court, also, must confine itself to the truth that insurance is a matter of contract — not sympathy. *Pilot Life Ins. Co. v. Stephens,* 97 Ga. App. 529 (103 SE2d 651)." *Duckett v. Piedmont Southern Life Ins. Co.,* 118 Ga. App. 3, 4 (162 SE2d 531).

Quite similar to the case at bar is *Travelers Ins. Co. v. Pratt,* 130 Ga. App. 331 (203 SE2d 302). That policy provided coverage for bodily injuries caused by accidental means, and for the loss of one foot the insured would

recover one-half of the principal sum of the policy. Loss was defined to be "with regards to hands and feet, dismemberment by severance through or above wrist or ankle joints," within 90 days of the accident. Pratt received a severe injury to one of his feet in a hunting accident, and after 18 months of medical effort to reconstruct the foot, it was amputated. Pratt argued that the insurance contract provisions were against public policy, and that the contract should not be strictly construed so as to prevent his recovery. We held that the insurance company should have been granted its motion for summary judgment, following *State Farm Mut. &c. Ins. Co. v. Sewell,* 223 Ga. 31, supra.

While sympathy might incline us to the view that severance is not necessary for loss, the insurance contract provides otherwise. "The parties are free to make their own contracts, within the prescribed bounds of law, and the courts are not authorized, by interpretation, to rewrite or to change them, or to extend the coverage. [Cits.] This principle applies to insurance contracts. [Cits.]" *Parris & Son, Inc. v. Campbell,* 128 Ga. App. 165, 168 (196 SE2d 334).

Here there is no issue of fact for determination by a jury, and under the terms of the insurance policy and the facts of the case, the insured has no right to recover. The motion for summary judgment by the insurance carrier was properly granted.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

ARGUED JULY 15, 1976 — DECIDED SEPTEMBER 7, 1976 — REHEARING DENIED SEPTEMBER 22, 1976 —

*William L. Skinner,* for appellant.

*Swift, Currie, McGhee & Hiers, George W. Hart, James M. Poe,* for appellee.