## 54255. STRICKLAND v. GULF LIFE INSURANCE COMPANY.

Deen, Presiding Judge.

". . . When the policy limits the coverage in unambiguous terms, as was done here, courts, despite their dislike of such coverage, have no choice but to accept without alteration all such terms and limit liability thereto." *State Farm Mutual Auto Ins. Co. v. Sewell,* 223 Ga. 31 (153 SE2d 432). The policy here, in providing disability benefits for specific losses, requires that the injury be received by external, violent and accidental means, that notice be given the company within ninety days, that the insured live at least thirty days after sustaining the loss, that if the loss consists of loss of a foot it means dismemberment by severance through or above the ankle joint within ninety days after the accident as a direct result thereof, and that the company receive during the insured's lifetime due proof that, not less than thirty days prior to the receipt of such proof, the loss was sustained under the conditions specified. The restrictions hedging the coverage remind us of Macbeth's lament of those "that keep the word of promise to our ear and break

it to our hope."

Medical efforts to save the insured's leg following injury continued for 118 days, at which time the limb was amputated. The policy is a contract and we cannot rewrite it. Nor, in view of the many precedents in this and other states, do we feel that we can declare it void as against public policy. The limb was not severed within the specified ninety days, and the loss is therefore not covered. *Travelers Ins. Co. v. Pratt,* 130 Ga. App. 331 (203 SE2d 302); *Boyes v. Continental Ins. Co.,* 139 Ga. App. 609 (229 SE2d 75).

The trial court properly granted the defendant's motion for summary judgment.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

ARGUED JULY 7, 1977 — DECIDED JULY 12, 1977 — REHEARING DENIED JULY 27, 1977 —

*Kunes, Kunes & Fleming, G. Gerald Kunes,* for appellant.

*Reinhardt, Whitley & Sims, Glenn Whitley,* for appellee.