## 62183. SMITH et al. v. ALLSTATE INSURANCE COMPANY et al.

SOGNIER, Judge.

Smith, owner of a house at 1701 Barrett Drive, Atlanta, deeded the property to his sister, appellant Landers, without consideration, in July 1973 while divorce proceedings were pending between Smith and his wife. Smith admitted that he intended that Landers reconvey the property to him after the divorce. In November 1974, Smith purchased a "deluxe homeowner's policy" of insurance on the house in his sister's name from Knox, an Allstate insurance agent. The policy included a "Standard Fire Policy" (pursuant to Code Ann. § 56-3201) which provided the following:

"Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss."

The policy also provided the following mortgagee clause: "Loss, if any, under this policy, shall be payable to the mortgagee (or trustee), named on the Declaration Page of this policy, as interest may appear . . . and this insurance as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property . . ."

Appellants' house caught fire on December 5 and again on December 7, 1975, the second fire destroying the house and its contents. Allstate denied coverage and appellants brought suit on the policy in the Superior Court of Fulton County on December 6, 1976. Appellants voluntarily dismissed their original suit and brought the instant suit in the State Court of Fulton County on March 8, 1979. Allstate moved for summary judgment based on the twelve month limitation contained in the insurance policy. The trial court granted Allstate's motion and Smith and Landers appeal.

1. Appellants contend that the trial court erred in granting summary judgment in favor of Allstate because the "deluxe homeowner's policy" was ambiguous with regard to the period of limitation. The trial court found that there was no conflict in the terms of the insurance policy with regard to the limitation on the time within which suit could be brought on the policy. The twelve month period in the "Standard Fire Policy" was the only provision regarding a limitation and controlled the time within which a suit could be brought subsequent to a fire loss. Such a provision has been held valid and binding. *Darnell v. Fireman's Fund Ins. Co.,* 115 Ga. App. 367 (154 SE2d 741) (1967); *Sloan v. Continental Cas. Co.,* 131 Ga. App. 377 (205 SE2d 925) (1974); *Herring v. Middle Ga. Mut. Ins. Co.,* 149 Ga. App. 585 (254 SE2d 904) (1979). Compliance with the policy provisions is a condition precedent to recovery. *Beck v. Georgia Farm &c. Ins. Co.,* 146 Ga. App. 878 (247 SE2d 548) (1978). We find no error in the trial court's finding in this regard.

2. Appellant also contends that the trial court erred in granting summary judgment because Allstate had waived the twelve month limitation period by making payment to the mortgagee after the limitation period had lapsed even though no suit had been filed by the loss payee within the twelve months. However, the provisions of the policy relieve the mortgagee of the consequences of the "act or neglect of the mortgagor or owner . . .," supra. Such language, referred to as the New York standard, or union mortgage clause, has the effect of creating a separate and distinct contract on the mortgagee's interest and gives the loss payee an independent status. Often the mortgagee may recover when the owner may not. Payment to the mortgagee here did not constitute a waiver of the twelve month limitation as to the insured. *Decatur Federal v. York Ins. Co.,* 147 Ga. App. 797, 799 (250

SE2d 524) (1978).
*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 29, 1981.

*Paul C. Myers,* for appellants.
*Joseph W. Watkins,* for appellees.