67822. ST. PAUL FIRE & MARINE INSURANCE COMPANY
v. COHEN-WALKER, INC. et al.

POPE, Judge.

Appellant insurance company brought this action for declaratory judgment against appellees Cohen-Walker, Inc. and Louis S. Schwartz. Appellant sought a judgment declaring (1) that its insurance policy covering Cohen-Walker for negligence resulting from Cohen-Walker's activities as an insurance agent or broker did not obligate it to defend the negligence action brought against Cohen-Walker by Schwartz, and (2) that it is not obligated to pay any judgment which might be rendered in favor of Schwartz against Cohen-Walker. This appeal arises from the trial court's grant of appellees' motion for summary judgment.

The facts in this case are essentially without dispute. This action arises from an earlier complaint filed by Schwartz against Cohen-

Walker. The Schwartz complaint charged Cohen-Walker, an insurance agency, with failing to properly perform its duties as such an agent. More specifically, it was alleged that Schwartz relied upon Cohen-Walker for recommendations and advice regarding insurance programs, and that upon the advice and recommendation of Cohen-Walker, Schwartz changed insurance companies and carriers. Subsequently, Schwartz underwent heart surgery and alleges that his medical and hospital expenses totaled $15,682.83. Schwartz submitted a claim for said medical and hospital expenses to the insurance carrier recommended by Cohen-Walker. These expenses were not paid due to the fact that the recommended insurance company had become insolvent and as a result thereof was placed in the hands of the Commissioner of Insurance of the State of Louisiana. Due to this insolvency, there is no prospect of Schwartz receiving any future payments to be applied to his medical and hospital expenses. Said insurance company was not licensed to do business in Georgia. Cohen-Walker failed to verify whether said insurance company was licensed to do business in this State and further failed to ascertain the financial condition and solvency, or lack thereof, of the company. Schwartz alleged that, based on the foregoing, Cohen-Walker is indebted to him in the amount of $15,682.83.

Cohen-Walker called upon appellant to both defend the Schwartz suit at its expense and satisfy any adverse judgment which Schwartz might obtain, pursuant to a comprehensive general liability insurance policy issued by appellant to Cohen-Walker. Under the heading entitled "How this agreement protects your business," this policy provides: "This agreement protects you and your business when a claim is brought against you for negligence resulting from your activities as an insurance agent or broker. By negligence, we mean some act, error or omission that unintentionally causes someone harm which could have been avoided had proper care been taken." The policy further provides that appellant will pay damages which Cohen-Walker is legally required to pay "for loss caused by negligence in your [Cohen-Walker's] insurance business." Insurance business is defined to include "giving insurance advice." Appellant denied that its insurance policy afforded coverage to Cohen-Walker for this claim on the basis of a specific exclusionary clause contained therein, which provides as follows: "Financial problems of insurance companies. We won't cover claims resulting from the inability of an insurance company to pay its debts. This includes claims related to an insurance company involved in receivership or liquidation proceedings." Based upon this exclusion, appellant denied that it had an obligation to defend Cohen-Walker in the Schwartz suit and denied any obligation to pay any amounts which might result from a judgment in Schwartz's favor. Appellant did, however, begin to enter into a defense of the Schwartz

suit under a "reservation of rights" letter.

1. "We are guided in our consideration of the case at bar by the principles of law set forth in *Lester v. Great Central Ins. Co.*, 138 Ga. App. 353, 354-355 (226 SE2d 149) (1976): 'Insurance is a matter of contract, and the language used is to be accorded its general ordinary meaning, bearing in mind that the contract is to be construed in accordance with the intention and understanding of the parties, and in construing it the court cannot go further than a fair construction of the language used will permit. Where the contract is unambiguous, it must be construed to mean what it says. This rule applies to language limiting coverage. Of course if the contract is ambiguous the ambiguity is to be resolved against the insurer. But ambiguity is not to be created by lifting a clause or portion of the contract out of context. The natural, obvious meaning is to be preferred over any curious, hidden meaning which nothing but the exigency of a hard case and ingenuity of a trained and acute mind would discover.' " (Citations and punctuation omitted.) *Okehi v. St. Paul Fire &c. Ins. Co.*, 161 Ga. App. 851, 853 (289 SE2d 810) (1982). The coverage under the policy in this case is not merely what is found under the heading "How this agreement protects your business." "Just as this clause affirmatively indicates the coverage which is included, so does the 'exclusion' clause tell us expressly what is not. In policies so drawn, the protection the insured has purchased is the sum total, or net balance, however one labels it, of a coming together of the two. For it is not either alone, but the combination of both, which defines the scope of the protection afforded — no more and no less." Albert J. Schiff Assoc., Inc. v. Flack, 51 NY2d 692, 697 (417 NE2d 84, 435 NYS2d 972) (1980). See *Salmon v. Commercial Union Ins. Co.*, 154 Ga. App. 8 (267 SE2d 273) (1980); *Cherokee Credit Life Ins. Co. v. Baker*, 119 Ga. App. 579, 582 (168 SE2d 171) (1969).

In our view, the language of the subject insurance policy is clear and unambiguous. The policy provides broad coverage for loss caused by Cohen-Walker's negligence in the conduct of its business as an insurance agency. Expressly excluded from this coverage are claims which result from the inability of an insurance company to pay its debts. Appellees argue that since Schwartz's suit alleges negligence on the part of Cohen-Walker — both for failing to verify whether the insurance company it had recommended was licensed to do business in Georgia, and for failing to verify the financial condition of that company — the subject policy is activated and coverage is afforded. We cannot agree. In *Cotton States Mut. Ins. Co. v. Crosby*, 244 Ga. 456 (260 SE2d 860), revg. 149 Ga. App. 450 (254 SE2d 485) (1979), the plaintiff's daughter was raped on the premises of the defendant school. An insurance policy covering acts, omissions, neglect or breach of duty by the insured in the discharge of its school duties contained

an exclusion whereby the policy would not apply in connection with any claim made or suit brought against the insured for damages arising from bodily injury. The plaintiff sued the school, basing this claim upon the school's neglect and breach of its duties. The Supreme Court held that the injury giving rise to the cause of action was not neglect or breach of duty but rather the rape itself. "In order for a tort action to lie, there must be an injury to the plaintiff, i.e., some initiating event which is the result of the defendant's negligence and brings that wrongful conduct to light. . . . Without question, the injury giving rise to the Crosbys' cause of action . . . was the rape of the daughter. . . . [N]o right of recovery would exist at all had the bodily injury not originally occurred." 244 Ga. at 457, supra. Like the situation in *Crosby*, in the case at bar Schwartz's cause of action set forth in his complaint sounds in tort for the negligence of Cohen-Walker in failing to adequately investigate the insurance company it had recommended to him. However, the injury giving rise to Schwartz's cause of action was the recommended insurance company's inability to pay his claim for medical and hospital expenses apparently due to said company's insolvency. Schwartz would have no right of recovery against Cohen-Walker if the recommended insurance company had been financially able to pay his claim. As noted by the Supreme Court in *Crosby*, courts have no more right by strained construction to make an insurance policy more beneficial by extending the coverage contracted for than by increasing the amount of the insurance. Id. at 457-458. It follows from the foregoing discussion that the trial court erred in granting appellees' motion for summary judgment. See *St. Paul Fire &c. Ins. Co. v. Mose Gordon Constr. Co.*, 121 Ga. App. 33 (1) (172 SE2d 459) (1970).

2. As to appellees' allegations of waiver, the facts of record affirmatively disclose appellant's compliance with the procedure approved in *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 219 (231 SE2d 245) (1976), and thus require a judgment in favor of appellant on this issue as a matter of law. In any event, the doctrines of implied waiver and of estoppel, based upon the conduct or action of the insurer (here, appellant), are not available to bring within the coverage of a policy risks expressly excluded by its terms. *Parris & Son, Inc. v. Campbell*, 128 Ga. App. 165 (11) (196 SE2d 334) (1973), and cits.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED JULY 10, 1984.

*W. Allen Evans, Gould B. Hagler*, for appellant.

*H. William Sams, Jr., A. Montague Miller,* for appellees.