77226. ARNOLD v. EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES.
(374 SE2d 782)

BANKE, Presiding Judge.

The appellant suffered a partial loss of vision in his right eye after being struck by a piece of metal. At the time of his injury, the appellant was covered by a policy of accidental death and dismemberment insurance issued to his employer by the appellee insurer. This policy provided for payment of benefits in the event of "total and irrecoverable loss of sight" in an eye. The insurer declined to pay such benefits to the appellant on the ground that he had not suffered a total loss of sight in the affected eye, prompting him to file the present action. He filed this appeal from the grant of the insurer's motion for summary judgment. *Held*:

In *State Farm &c. Ins. Co. v. Sewell*, 223 Ga. 31 (153 SE2d 432) (1967), the Georgia Supreme Court construed policy language similar to that contained in the subject insurance policy and concluded that it unambiguously restricted coverage to those instances where *no* eyesight remained in the affected eye after the injury. Id. at p. 32. "The policy of appellate courts is to enforce strictly an insurance contract in accordance with its unambiguous terms, even in those instances where the court's sympathy may avowedly rest with an unfortunate claimant where recovery is precluded by that strictness of policy." *Executive Auto Leasing v. Guaranty &c. Ins. Co.*, 170 Ga. App. 860, 863 (318 SE2d 733) (1984).

The appellant's ophthamologist testified that the appellant had corrected vision in his right eye in the range of 20/50, that he could see and read with that eye even without correction, and that he was able to return to work. "This evidence, in effect, was that plaintiff had not suffered an irrecoverable loss of the entire sight" in his injured eye. *Smith v. Great American Life Ins. Co.*, 125 Ga. App. 587,

588 (188 SE2d 439) (1972). It follows that the trial court did not err in granting summary judgment to the appellee.

*Judgment affirmed. Birdsong, C. J., and Beasley, J., concur.*

DECIDED OCTOBER 12, 1988 —
REHEARING DENIED OCTOBER 31, 1988 — 

*Richard D. Phillips*, for appellant.
*Lamar C. Walter, Megan C. Devorsey*, for appellee.