592 So.2d 199 (1991)
ST. PAUL FIRE AND MARINE INSURANCE COMPANY
v.
MOLTON, ALLEN & WILLIAMS CORPORATION, INC.
MOLTON, ALLEN & WILLIAMS CORPORATION, INC.
v.
ST. PAUL FIRE AND MARINE INSURANCE COMPANY.
1900893, 1901152.
Supreme Court of Alabama.
November 15, 1991.
As Modified on Denial of Rehearing January 10, 1992.
*200 C. William Gladden, Jr. and Andrew J. Sinor, Jr. of Balch & Bingham, Birmingham, for appellant.
Cathy S. Wright and James L. Priester of Maynard, Cooper, Frierson & Gale, Birmingham, for appellee.
STEAGALL, Justice.
The issue in this case is whether St. Paul Fire and Marine Insurance Company ("St. Paul") should be required to defend or indemnify Molton, Allen & Williams Corporation, Inc. ("MAW"), an insurance agency, pursuant to an "errors and omissions" policy MAW has with St. Paul. Specifically, MAW obtained ocean marine insurance coverage for nine Mobile companies with New England International Surety of America, Inc. ("New England"), which later became insolvent. All nine of the companies sued MAW separately, alleging breach of contract, negligence, wantonness, and fraud and seeking a refund of the premiums they had paid MAW, as well as a judgment declaring that MAW must defend and/or indemnify the companies in any cases that might arise under their policies with New England. Thereafter, MAW sued St. Paul, seeking a judgment declaring that St. Paul must defend and/or indemnify MAW from any and all losses arising from the nine suits filed against it. The trial court entered a summary judgment in favor of MAW, holding that St. Paul was obligated to defend MAW on all counts of the Mobile companies' complaints, except those counts alleging intentional fraud and concerning actual and future unpaid claims.
On appeal, St. Paul contends that the following exclusion in MAW's errors and omissions policy applies, precluding coverage:
"Financial problems. We won't cover claims that result from the inability of an *201 insurance company, joint underwriting association, or any similar entity to pay all or part of insured claims."
St. Paul argues that the Mobile litigation stems from New England's "inability" to pay claims. MAW counters that the Mobile lawsuits involve no "claims" and, therefore, that the exclusion does not apply.
In deciding whether this exclusion relieves St. Paul of its contractual obligation to defend or indemnify MAW, we must examine the language of the policy in a light most favorable to MAW.
"The law of construction of insurance contracts in Alabama is well established. Exceptions to coverage are to be interpreted as narrowly as possible in order to provide maximum coverage for the insured. Georgia Cas. & Sur. Co. v. Universal Underwriters Ins. Co., 534 F.2d 1108 (5th Cir.1976), and such clauses must be construed most strongly against the company that issued the policy, American Liberty Ins. Co. v. Soules, 288 Ala. 163, 258 So.2d 872 (1972)."
State Farm Mut. Auto. Ins. Co. v. Lewis, 514 So.2d 863, 865 (Ala.1987). See, also, Guaranty National Ins. Co. v. Marshall County Bd. of Educ., 540 So.2d 745, 749 (Ala.1989) ("[w]here ambiguity exists in the language of an exclusion, the exclusion will be construed narrowly so as to limit the exclusion to the narrowest application reasonable under the wording").
Concededly, the exclusion here is susceptible of two interpretations. It refers to an insurance company's "inability" to pay; however, the exclusion also twice mentions "claims," and none of the nine lawsuits filed against MAW involves actual claims that were filed with New England and denied. Construing this ambiguity narrowly and against the drafter of the policy, St. Paul, we conclude that the two references in the exclusion to "claims" evidences an intent on St. Paul's part not to provide coverage in specific instances where actual benefits under an insurance contract have been sought and denied. There are no claims here.
St. Paul relies heavily on St. Paul Fire & Marine Ins. Co. v. Cohen-Walker, Inc., 171 Ga.App. 542, 320 S.E.2d 385 (1984), in which the Georgia Court of Appeals held that an exclusion in an errors and omissions policy applied, relieving St. Paul of any obligation to defend or indemnify its insured under that policy. Cohen-Walker procured health insurance for Louis Schwartz with a company that later became insolvent. Schwartz sued Cohen-Walker after the insolvent company had failed to pay his medical and hospital expenses following heart surgery. St. Paul sought a declaratory judgment against Schwartz and Cohen-Walker regarding the errors and omissions policy Cohen-Walker had with it. St. Paul denied liability based on an exclusion in that policy that stated: "We won't cover claims resulting from the inability of an insurance company to pay its debts. This includes claims related to an insurance company involved in receivership or liquidation proceedings." In reversing the judgment of the lower court, the Georgia appellate court held that the exclusion applied and that it was the insolvent company's "inability" to pay that was the decisive factor. That case is, however, distinguishable from the present one for two reasons.
First, the exclusion in St. Paul Fire & Marine Ins. Co. v. Cohen-Walker, Inc., supra, specifically mentioned companies involved in "receivership or liquidation proceedings." Second, that case involved a specific claim made on an insolvent company, which claim was not paid. Here, the bases of the nine complaints against MAW sound predominately in tort and the count alleging breach of contract does not concern a failure on New England's part to pay actual claims. Rather, the plaintiffs in those suits alleged that MAW breached its contract with the plaintiffs by securing insurance for them with a financially unsound company.
To hold that St. Paul may escape liability under its errors and omissions policy with MAW when the exclusion in that policy explicitly refers to an insurer's inability to pay claims would be to ignore the *202 result that a narrow interpretation of that exclusion yields. Therefore, we agree with the judgment of the trial court insofar as it requires St. Paul to defend MAW.
We also agree with that portion of the judgment that relieves St. Paul of the duty to defend MAW on the counts alleging intentional fraud. The particular exclusion in the policy regarding fraudulent acts reads:
"Dishonest acts. We won't cover a claim that results from the dishonest, fraudulent, criminal or malicious act or omission of any protected person or of anyone for whose acts the protected person is legally responsible.
"However, this exclusion doesn't apply to any protected person who didn't:
" personally participate in committing any such act or omission; or
" remain passive after having personal knowledge of any such act or omission."
The trial court held that the policy "would not cover damages assessed against MAW which result from intentional fraud, wantonness, or intentional wrongdoing." The above exclusion refers to a "malicious" act in addition to any "fraudulent" act. Therefore, the judgment is correct and is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.

ON APPLICATION FOR REHEARING
STEAGALL, Justice.
OPINION MODIFIED; APPLICATION OVERRULED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS, HOUSTON, KENNEDY and INGRAM, JJ., concur.